EXHIBIT A

**The below described is SIGNED.**

**Dated: December 07, 2012** _____

**JOEL T. MARKER**
**U.S. Bankruptcy Judge**

_____

*Prepared and proposed by*

J. Thomas Beckett (5587)
**PARSONS BEHLE & LATIMER**
201 South Main Street. Suite 1800
Salt Lake City, UT 84145-0898
Telephone: (801) 532-1234
tbeckett@parsonsbehle.com

*Attorneys for the Petitioning Creditors*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| In re: | Bankruptcy No. 11-26046 JTM |
|---|---|
| **PLAY BEVERAGES, LLC**, | Chapter 11 |
| Debtor. | Honorable Joel T. Marker |

### ORDER DISMISSING CASE

This matter came before the Court on December 5 and 6, 2012 upon (i) the motion of

Warner Depuy, Lib-MP Beverage, LLC, George Denney, Liberty Beverages LLP and Rhino

Beverages, LLC (the "Petitioning Creditors") (dkt. #338) for an order re-converting this case,

and (ii) the motion of the United States Trustee (dkt # 343) for an order converting or dismissing

this case, under 11 U.S.C. § 1112(b) (collectively, the "Motions").  Matthew M. Boley and

Bryon J. Benevento appeared on behalf of the Debtor.  Laurie A. Cayton appeared on behalf of

the United States Trustee.  J. Thomas Beckett, Michael W. Young and Zack L. Winzeler

appeared on behalf of the Petitioning Creditors.  Danny C. Kelly and Christopher N. Weiss

appeared on behalf of Playboy Enterprises International, Inc.  Russell C. Fericks appeared on behalf of Cirtran Beverage Corp.

Evidence was presented.  Gil A. Miller and Iehab Hawatmeh testified.

After reviewing the Motions, the responses to the Motions filed by the Debtors and other parties-in-interest and other matters of record, considering the Debtor's voluntary stipulation to dismissal of the bankruptcy case, based upon the evidence received at the hearing on the Motions, and the Court having announced its findings of fact and conclusions of law on the record in open Court:

**IT IS HEREBY ORDERED** as follows:

1. The Motions are granted in part and denied in part, as described herein.

2.  The above-captioned case shall be, and hereby is, dismissed, effective immediately upon entry of this Order.

3.  Pursuant to the Debtor's stipulation, the Debtor shall not file a petition for relief under title 11 of the United States Code prior to the expiration of 180 days from the date of entry of this Order.

4.  The automatic stay is terminated and no longer in effect immediately upon entry of this order.

5.  All pending motions, applications, contested matters and other proceedings in the above-captioned case are stricken as moot.

6. Adversary Proceeding No. 12-2324 is dismissed without prejudice.

------------------------------------------END OF DOCUMENT-----------------------------------------



EXHIBIT B

Int. Cl.: 32

Prior U.S. Cls.: 45, 46, and 48

United States Patent and Trademark Office

Reg. No. 3,496,428
Registered Sep. 2, 2008

## TRADEMARK
### PRINCIPAL REGISTER

# PLAYBOY

PLAYBOY ENTERPRISES INTERNATIONAL, INC. (DELAWARE CORPORATION)
680 N. LAKE SHORE DRIVE
CHICAGO, IL 60611

FOR: ENERGY DRINKS, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 4-1-2008; IN COMMERCE 4-1-2008.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 77-043,700, FILED 11-14-2006.

KAREN BRACEY, EXAMINING ATTORNEY

Int. Cl.: 32

Prior U.S. Cls.: 45, 46, and 48

United States Patent and Trademark Office

Reg. No. 3,496,429
Registered Sep. 2, 2008

# TRADEMARK
## PRINCIPAL REGISTER



PLAYBOY ENTERPRISES INTERNATIONAL, INC. (DELAWARE CORPORATION)
680 N. LAKE SHORE DRIVE
CHICAGO, IL 60611

FOR: ENERGY DRINKS, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 4-1-2008; IN COMMERCE 4-1-2008.

THE MARK CONSISTS OF RABBIT HEAD DESIGN.

SN 77-043,708, FILED 11-14-2006.

KAREN BRACEY, EXAMINING ATTORNEY



EXHIBIT C

Matthew M. Boley, Esq. (8536)
**PARSONS KINGHORN HARRIS, P.C.**
111 E. Broadway, 11th Floor
Salt Lake City, UT  84111
Telephone:  (801) 363-4300
Facsimile:  (801) 363-4378
E-mail:  mmb@pkhlawyers.com

*Attorneys for* debtor-in-possession
PLAY BEVERAGES, LLC

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| In re:<br><br>**PLAY BEVERAGES, LLC**,<br><br>Debtor. | Bankruptcy No. 11-26046 JTM<br><br>Chapter 11<br><br>Honorable Joel T. Marker |
|---|---|

## MOTION TO APPROVE
## EXTENSION AGREEMENT (AND RESERVATION OF RIGHTS)
## BETWEEN THE DEBTOR AND PLAYBOY

PLAY BEVERAGES, LLC, debtor and debtor-in-possession (the "**Debtor**") in the above-captioned chapter 11 bankruptcy case (the "**Case**"), through counsel, moves the Court for entry of an order approving the Extension Agreement (and Reservation of Rights), a copy of which is attached hereto as **Exhibit "A"** (the "**Extension Agreement**").  In further support of the relief requested, the Debtor respectfully states as follows.

**I.      JURISDICTION AND VENUE**

1.      The Court has jurisdiction to hear this motion pursuant to 28 U.S.C. §§ 1334 and 157.

2.      This motion represents a core proceeding pursuant to 28 U.S.C. §§ 157(b).

3.      Venue of the Case and of this motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The legal predicates for the relief sought in this motion are 11 U.S.C. §§ 105, 363, 1107 and/or 1108.

{00141404.DOC / 5 }

## II.    BACKGROUND

5.      This Case was filed on April 26, 2011 (the "**Petition Date**"), when three purported creditors of the Debtor filed an involuntary petition seeking an order for relief against the Debtor under title 11 the United States Code (the "**Bankruptcy Code**").

6.      On August 12, 2011 (the "**Relief Date**"), the Debtor consented to, and the Court entered, an order for relief against the Debtor and converted the Case to chapter 11.

7.      The Debtor believes that it can reorganize its financial affairs and, thereby, maximize returns for its creditors and equity holders.

8.      Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor is operating its business and managing its property as a debtor-in-possession.

9.      No examiner or trustee has been appointed in the Case, and no official committee of creditors or equity interest holders has yet been established.

## III.    FACTS RELEVANT TO THE MOTION

10.     The Debtor, as licensee, and Playboy Enterprises International, Inc., as licensor ("**Playboy**"), are parties to that certain License Agreement, dated as of November 1, 2006 (as amended, the "**License Agreement**").

11.     Paragraph S.9 of the Schedule to the License Agreement (the "**Schedule**") provides that the "Expiration Date" of the License Agreement is "March 31, 2012; subject to the Renewal Term in Paragraph 1.b.(ii) and the termination provisions set forth in the Agreement."

12.     Paragraphs 1.b.(ii) and 1.b.(iii) of the License Agreement provide for the possible renewal of Licensee's rights as licensee under the License Agreement for additional five-year renewal terms on the conditions set forth therein.

13.     The Debtor and Playboy have engaged in extensive good faith  negotiations regarding (a) a settlement of all claims between them, and (b)  a new license agreement with the Debtor.

14.     Although these negotiations have not yet culminated in a comprehensive binding agreement, the Debtor and Playboy have agreed in principle upon many core business terms for the potential new license agreement.

15.     The Debtor believes that it will be able to negotiate a new agreement with Playboy, and that it will be able to formulate and propose a plan of reorganization based on the new agreement.

16.     Accordingly, the Debtor and Playboy have entered into the Extension Agreement to extend the term of the License Agreement for a short period of time, to permit the parties to continue negotiations and to provide the Debtor a window of time to seek approval of any agreement that may be reached pursuant to confirmation of a plan of reorganization.

17.     Among other things, this avoids potential adverse effects upon the Debtor's business, its relationship with national and international distributors of Playboy Energy Drink™ and its ability to reorganize if the Debtor's rights under the License Agreement were to expire on March 31, 2012.

18.     The Extension Agreement is intended to, and will, have the effect of extending the term of the License Agreement by changing the Expiration Date" specified in paragraph S.9 of the Schedule and referenced in paragraph 1.b.(i) of the License Agreement from March 31, 2012 to  July 31, 2012.  No other terms of the License Agreement will be changed by the Extension Agreement.

19.      The Extension Agreement shall not constitute a waiver of any rights or remedies available to the Debtor or Playboy under the License Agreement or otherwise, and the Debtor and Playboy expressly preserve and reserve any and all of respective rights, claims and defenses of the Debtor and Playboy under the License Agreement or otherwise.

20.     The Debtor has exercised reasonable business judgment in entering into the Extension Agreement, and believes that the agreement is in the best interests of the estate.

## IV.    RELIEF REQUESTED

21.    The Debtor respectfully requests the entry of an order approving the Extension Agreement.

22.    Additionally, to the extent it is applicable, the Debtor respectfully requests that, under the circumstances of this case, the Court waive the fourteen day stay otherwise imposed by Federal Rule Bankruptcy Procedure 6004(h) and/or any other applicable statute or rule.

## V.    BASIS FOR RELIEF REQUESTED

23.    Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor is authorized to operate its business.

24.    Usually, transactions such as extending the dates of its contracts as contemplated by the Extension Agreement is within the ordinary course of a debtor's business, and does not require any authority or court approval beyond the general authority granted under sections 1107 and 1108 of the Bankruptcy Code.  The Debtor believes that entering into the Extension Agreement should be viewed as and deemed to be an act within the ordinary course of the Debtor's business.

25.    The Debtor does not believe that the Extension Agreement contemplates the use, lease or sale of property of the estate.  To the extent it does, the Debtor submits that such use is within the ordinary course of the Debtor's business and, therefore, is authorized pursuant to section 363(c) of the Bankruptcy Code.

26.    In any event, pursuant to section 363(b) of the Bankruptcy Code and subject to the requirement of prior notice and a hearing, the Debtor is empowered to "use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b).

27.    The Debtor, in the exercise of its business judgment, has determined that entering into the Extension Agreement is in the best interests of its chapter 11 bankruptcy estate.

28.    While reserving all of the Debtor's rights and claims, the Extension Agreement ensures that the Debtor's rights as a licensee of Playboy under the License Agreement will

continue for a short period of time.  The Debtor believes that the extension period provided under the Extension Agreement will be adequate to permit the Debtor (a) to successfully conclude negotiations with Playboy, and (b) to obtain confirmation of a plan of reorganization.

29.     In short, the Extension Agreement maintains the status quo while the Debtor continues to negotiate terms with Playboy regarding settlement of their disputes, the possibility of a future licensee relationship and plan treatment.

30.     **VI.     PRAYER FOR RELIEF**

WHEREFORE, the Debtor asks that this Court enter an Order:

*A.*     GRANTING the Motion;

*B.*     approving the Extension Agreement;

*C.*     for cause shown, waiving the fourteen-day stay otherwise imposed by Federal Rule Bankruptcy Procedure 6004(h) and/or under any other applicable statute or rule; and

*D.*     granting such other and further relief as the Court deems just and proper.

 DATED this 22nd day of March, 2012.

PARSONS KINGHORN HARRIS


/s/  Matthew M. Boley
Matthew M. Boley
*Attorneys for* debtor-in-possession
PLAY BEVERAGES, LLC

# EXHIBIT A

**EXTENSION AGREEMENT**
**(AND RESERVATION OF RIGHTS)**

THIS EXTENSION AGREEMENT (the "**Extension Agreement**") is made as of the 22nd day of March, 2012, by and between PLAY BEVERAGES, LLC, a Delaware limited liability company and debtor-in-possession ("**Licensee**"), and PLAYBOY ENTERPRISES INTERNATIONAL, INC., a Delaware corporation ("**Licensor**"), each a "**Party**" and collectively the "**Parties**".

RECITALS

WHEREAS, on April 26, 2011 (the "**Petition Date**"), an involuntary petition for relief was filed against Licensee pursuant to title 11 the United States Code (the "**Code**") in the United States Bankruptcy Court for the District of Utah (the "**Court**"), thereby commencing the bankruptcy case styled In re Play Beverages, LLC, Bankr. No. 11-26046 (the "**Case**"); and

WHEREAS, on August 12, 2011 (the "**Relief Date**"), the Court entered an order for relief in the Case and converted the Case to chapter 11; and

WHEREAS, since the Relief Date, Licensee has operated its business and managed its property as a debtor-in-possession pursuant to sections 1107 and 1108 of the Code; and

WHEREAS, Licensor and Licensee are parties to that certain License Agreement, dated as of November 1, 2006 (as amended, the "**License Agreement**"); and

WHEREAS, paragraph S.9 of the Schedule to the License Agreement (the "**Schedule**") provides that the Expiration Date (as defined in the License Agreement) of the License Agreement is "March 31, 2012; subject to the Renewal Term in Paragraph 1.b.(ii) and the termination provisions set forth in the Agreement."

WHEREAS, paragraphs 1.b.(ii) and 1.b.(iii) of the License Agreement provide for the possible renewal of the License Agreement for additional five-year renewal terms on the conditions set forth therein;

WHEREAS, Licensee and Licensor have been, and currently are, engaged in extensive good faith negotiations which have resulted in an agreement in principle on many core business terms for a potential new license agreement, pursuant to which the Parties would settle their disputes and the Debtor would, on certain conditions, be a licensee of Playboy under the potential new license agreement; and

WHEREAS, Licensee and Licensor desire to extend the term of the License under the License Agreement for a short period of time to allow the Parties sufficient time to finish their current negotiations and to allow the Debtor sufficient time to formulate and pursue the confirmation of a plan of reorganization based on the potential new agreement; and

WHEREAS, the Parties intend to preserve all rights and remedies that each Party may currently have available to it under the License Agreement or otherwise while their further negotiations are conducted.

AGREEMENT

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which hereby is acknowledged, the Parties agree as follows:

1.      Approval by the Court. This Extension Agreement is subject to notice to creditors in the Case and approval by the Court. Upon the execution of this Extension Agreement, the Debtor will prepare, file, and notice for hearing a motion for approval of this Extension Agreement. The Debtor agrees to use its best efforts to secure entry of a final order of the Court in the Case approving this Extension Agreement (the "**Approval Order**"). This Extension Agreement shall be binding upon the Parties as of the date when each of the Parties has executed this Agreement, but the obligations of the Parties hereunder are subject to and contingent upon the entry of the Approval Order.

2.    <u>Extension of Expiration Date</u>.  Paragraph S.9 of the Schedule is hereby modified by substituting the date of July 31, 2012 for the current date of March 31, 2012.  Thus, as modified, Section S.9 of the Schedule shall provide as follows:

### S.9    THE EXPIRATION DATE

July 31, 2012; subject to the Renewal Term in Paragraph 1.b(ii) and the termination provisions set forth in the Agreement.

Except as specifically provided herein, the terms and provisions of the License Agreement shall remain the same and be unaffected by this Extension Agreement.

3.    <u>Termination of Extension Agreement</u>.  This Extension Agreement shall terminate on the earlier of:

(a) July 31, 2012; or

(b) fifteen calendar days after either Licensee or Licensor, acting in good faith, provides written notice to the other that (i) the Parties have reached an impasse in their negotiations, or (ii) such Party has determined that it does not desire to enter into a new license agreement with the other.

4.    <u>Purpose of Extension Agreement</u>.  The sole purpose of this Extension Agreement is to extend the Expiration Date of the License Agreement to provide the Parties sufficient time to finish their current negotiations for a potential new license agreement and provide the Debtor sufficient time to formulate and pursue the confirmation of a plan of reorganization based on the potential new agreement.  Under no circumstances shall any term of this Extension Agreement be construed (a) as a consent, waiver or release of any kind; (b) to give rise to a claim or defense by reason of estoppel, laches, abandonment, or acquiescence; or (c) to otherwise to affect in any way the rights of the Parties under the License Agreement, under the Code and/or under other applicable law.

5.    <u>No Waiver and Reservation of Rights</u>.  By entering into this Extension Agreement, neither Licensee nor Licensor intends to in any way waive or release any of their respective rights, claims and defenses against the other, and this Extension Agreement shall be construed accordingly.  Licensee and Licensor hereby expressly reserve any and all of their respective rights, claims, and defenses that may be available to Licensee and/or Licensor under the License Agreement, the Code and/or otherwise applicable law.  Accordingly, and without limiting the foregoing:

a.    neither of the Parties intends to, or does, release the other Party (or any third-parties) of or from any claims or liabilities;

b.    this Extension Agreement shall not be construed as Licensor's "written approval for the Agreement to renew" as referenced in Paragraphs 1.b.(ii) and 1.b.(iii) of the License Agreement;

c.    this Extension Agreement is not intended to be, and shall not operate or be construed as, a renewal of the License Agreement,  and

d.    this Extension Agreement shall not be construed as consent or agreement by either Party to either the assumption or the rejection of the License Agreement pursuant to section 365 of the Code.

6.    <u>Public Statements</u>.  Any and all public statements, including without limitation court filings, relating to this Extension Agreement and/or the subject matter hereof must be pre-approved in writing by both of the Parties.

7.    <u>Binding Effect; Entire Agreement; Amendment</u>.  Subject to entry of the Approval Order, this Extension Agreement is binding upon and shall inure to the benefit of the Parties and their respective heirs, successors, assigns, officers, directors, employees, agents, representatives, subrogees and to all persons or entities claiming by, through or under them.  This Extension Agreement represents the entire understanding between the Parties with respect to the subject matter hereof, and supersedes all prior oral or written agreements and understandings relating to the subject matter hereof.  No statement, representation, warranty, covenant or agreement of any kind not expressly set forth in this Extension Agreement shall affect, or be used to interpret, change or restrict, the express terms and provisions of this Extension Agreement.  Neither this Extension Agreement nor any provisions hereof may be changed, discharged or terminated orally, and this Extension Agreement may be modified or amended only by an instrument in writing, signed by all Parties.

8.    <u>Governing Law</u>.  This Extension Agreement, and the rights and obligations of the Parties hereunder, shall be construed in accordance with and governed by (a) to the extent applicable, federal bankruptcy law, and (b) in all areas not governed by federal bankruptcy law, by the laws of the State of Utah.

9.    Authorization. The persons executing this Extension Agreement on behalf of a Party hereby represent and warrant that (subject to Licensee's obligations, if any, under the Code to provide notice and/or to obtain approval by the Court) they are duly authorized and empowered to execute the same, that they have carefully read this Extension Agreement, and that this Extension Agreement represents a binding and enforceable obligation of such Party.

10.    Counterparts; Electronically Transmitted Signatures. This Agreement may be executed in counterparts, each of which shall be deemed an original, and all such counterparts shall constitute one and the same Agreement. Signatures transmitted by facsimile and/or e-mail shall have the same force and effect as original signatures.

IN WITNESS WHEREOF, each of the Parties has executed this Extension Agreement as of the date first above written.

PLAY BEVERAGES, LLC

By _____
Print Name: _Gil A. Miller_
Print Title: _CRO_

PLAYBOY ENTERPRISES INTERNATIONAL, INC.

By _____
Print Name:
Print Title:

9.     Authorization. The persons executing this Extension Agreement on behalf of a Party hereby represent and warrant that (subject to Licensee's obligations, if any, under the Code to provide notice and/or to obtain approval by the Court) they are duly authorized and empowered to execute the same, that they have carefully read this Extension Agreement, and that this Extension Agreement represents a binding and enforceable obligation of such Party.

10.     Counterparts; Electronically Transmitted Signatures. This Agreement may be executed in counterparts, each of which shall be deemed an original, and all such counterparts shall constitute one and the same Agreement. Signatures transmitted by facsimile and/or e-mail shall have the same force and effect as original signatures.

IN WITNESS WHEREOF, each of the Parties has executed this Extension Agreement as of the date first above written.

PLAY BEVERAGES, LLC

By _____
   Print Name:
   Print Title:

PLAYBOY ENTERPRISES INTERNATIONAL, INC.

By _____
   Print Name:  Rachel Sagan
   Print Title:  EVP, Business Affairs


EXHIBIT D

**The below described is SIGNED.**

**Dated: March 30, 2012**    _____

**JOEL T. MARKER**
**U.S. Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**PLAY BEVERAGES, LLC**,<br><br>Debtor. | Bankruptcy No. 11-26046 JTM<br><br>Chapter 11<br><br>Honorable Joel T. Marker |

## ORDER APPROVING
## EXTENSION AGREEMENT (AND RESERVATION OF RIGHTS)
## BETWEEN THE DEBTOR AND PLAYBOY

This matter came before the Court on March 30, 2012 at 10:00 a.m. upon the *Motion to Approve Extension Agreement (and Reservation of Rights) Between the Debtor and Playboy*, dated March 22, 2012 [Docket No. 241] (the "**Motion**"), filed by debtor-in-possession Play Beverages, LLC (the "**Debtor**").  Matthew M. Boley appeared on behalf of the Debtor.  Danny C. Kelly appeared on behalf of Playboy Enterprises International, Inc. ("**Playboy**").  Other counsel and parties-in-interest entered their appearances on the record.

After reviewing the Motion and such other matters in the file as the Court deemed appropriate, in light of the undisputed facts set forth in the Motion, and after considering such other and further matters as the Court deemed appropriate, the Court hereby

**FINDS AND CONCLUDES** as follows:

A.      the Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334;

B.      this is a core proceeding pursuant to 28 U.S.C. § 157;

C.      notice of the Motion and the hearing thereon was appropriate in the particular circumstances;

D.      good cause exists for the relief granted herein;

E.      the Debtor's decision to enter into the *Extension Agreement (and Reservation of Rights)*, a copy of which was attached as Exhibit A to the Motion (the "**Extension Agreement**"), appears to have been a reasonable exercise of business judgment;

F.      the relief granted herein is in the best interest of the Debtor, the Debtor's creditors and the Debtor's bankruptcy estate; and

G.      to the extent the Court made other or additional findings and conclusion on the record during the hearing on the Motion, such findings and conclusions are incorporated herein by reference.

WHEREFORE, based upon the Motion, the Court's findings and conclusions, and good cause appearing, it hereby is

**ORDERED** that:

1.      the Motion shall be, and hereby is, GRANTED;

2.      the Exention Agreements shall be, and hereby is, APPROVED;

3.      the Debtor shall be, and hereby is, AUTHORIZED to enter into the Extension Agreement;

4.      this order shall be, and hereby is, immediately in force and enforceable; and

5.      to the extent the fourteen-day stay referenced under Federal Rule Bankruptcy Procedure 6004(h) and/or any other similar stay as to the immediate enforceability of an order under another rule or statute is or may be applicable, such stay shall be, and hereby is, WAIVED and ordered to be INAPPLICABLE to this Order.

-------------------------------------- END OF DOCUMENT -------------------------------------

Approved as to Form:

**STOEL RIVES LLP**

/s/  Danny C. Kelly
Danny C. Kelly
*Attorneys for* Playboy Enterprises International, Inc.

## DESIGNATION OF PARTIES TO BE SERVED

The undersigned hereby designates the following parties to be served a copy of the foregoing **ORDER**:

**(A) By electronic notice delivered via CM/ECF to all persons who are registered to receive such notice and (B) to all others by U.S. Mail, first-class postage prepaid:**

Matthew M. Boley
PARSONS KINGHORN HARRIS
111 E. Broadway, 11th Floor
Salt Lake City, UT 84111

Gil A. Miller
ROCKY MOUNTAIN ADVISORY LLC
215 South State Street, Suite 550
Salt Lake City, UT 84111

Bryon J. Benevento
Kimberly Neville
SNELL & WILMER LLP
15 W. South Temple, Suite 1200
Salt Lake City, UT 84101

J. Thomas Beckett
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, UT 84111

PLAY BEVERAGES, LLC
Attn:  Iehab J. Hawatmeh
4125 South 6000 West
West Valley City, Utah 84128

Laurie A. Cayton, Esq.
OFFICE OF THE UNITED STATES TRUSTEE
405 South Main Street, Suite 300
Salt Lake City, UT 84111

Danny C. Kelly
Mark E. Hindley
Jason W. Crowell
STOEL RIVES LLP
201 South Main, Suite 1100
Salt Lake City, UT  84111

Michael N. Emery
RICHARDS BRANDT MILLER NELSON
299 South Main Street, 15th Floor
Salt Lake City, UT 84111

/s/ Matthew M. Boley


EXHIBIT E

Matthew M. Boley (8536)
Steven C. Strong (6340)
**PARSONS KINGHORN HARRIS, P.C.**
111 E. Broadway, 11th Floor
Salt Lake City, UT  84111
Telephone:  (801) 363-4300
Facsimile:   (801) 363-4378
E-mail:  mmb@pkhlawyers.com

*Attorneys for* debtor-in-possession
PLAY BEVERAGES, LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>**PLAY BEVERAGES, LLC,**<br><br>Debtor. | Bankruptcy No. 11-26046 JTM<br><br>Chapter 11<br><br>Honorable Joel T. Marker |

**EX PARTE MOTION TO APPROVE
SECOND EXTENSION AGREEMENT (AND RESERVATION OF RIGHTS)
BETWEEN THE DEBTOR AND PLAYBOY**

PLAY BEVERAGES, LLC, debtor and debtor-in-possession (the "**Debtor**") in the above-captioned chapter 11 bankruptcy case (the "**Case**"), through counsel, moves the Court for entry of an ex parte order approving the Second Extension Agreement (and Reservation of Rights), a copy of which is attached hereto as **Exhibit "A"** (the "**Extension Agreement**").  In further support of the relief requested, the Debtor respectfully states as follows:

## I.      JURISDICTION AND VENUE

1.      The Court has jurisdiction to hear this motion pursuant to 28 U.S.C. §§ 1334 and 157.

2.      This motion represents a core proceeding pursuant to 28 U.S.C. §§ 157(b).

3.      Venue of the Case and of this motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The legal predicates for the relief sought in this motion are 11 U.S.C. §§ 105, 363, 1107 and/or 1108.

## II.    BACKGROUND

5.      This Case was filed on April 26, 2011 (the "**Petition Date**"), when three

purported creditors of the Debtor filed an involuntary petition seeking an order for relief against

the Debtor under title 11 the United States Code (the "**Bankruptcy Code"**).

6.      On August 12, 2011 (the "**Relief Date**"), the Debtor consented to, and the Court

entered, an order for relief against the Debtor and converted the Case to chapter 11.

7.      The Debtor believes that it can reorganize its financial affairs and, thereby,

maximize returns for its creditors and equity holders.

8.      Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor is

operating its business and managing its property as a debtor-in-possession.

9.      No examiner or trustee has been appointed in the Case, and no official committee

of creditors or equity interest holders has yet been established.

## III.    FACTS RELEVANT TO THE MOTION

10.     The Debtor, as licensee, and Playboy Enterprises International, Inc., as licensor

("**Playboy**"), are parties to that certain License Agreement, dated as of November 1, 2006 (as

amended, the "**Existing License Agreement**").

11.     As amended pursuant to the court-approved first *Extension Agreement (and

Reservation of Rights)*, paragraph S.9 of the Schedule to the License Agreement (the

"**Schedule**") provides that the "Expiration Date" of the Existing License Agreement is "July 31,

2012" subject to the Renewal Term in Paragraph 1.b.(ii) and the termination provisions set forth

in the License Agreement.

12.     The Debtor and Playboy have engaged in extensive good faith  negotiations

regarding (a) a settlement of all claims between them, and (b)  a new license agreement with the

Debtor.

13.     The Debtor believes that it will be able to confirm a plan of reorganization based,

in part, on the new license agreement.  The Debtor will be unable, however, to present the plan

for confirmation or to obtain entry of an order confirming the plan and approving the new license

agreement prior to the July 31, 2012 "Expiration Date" under the Existing License Agreement.

14.     Accordingly, the Debtor and Playboy have entered into the Extension Agreement

to extend the term of the Existing License Agreement for a short period of time, to allow the

Debtor the opportunity to seek entry of the Confirmation Order and to satisfy the other

conditions precedent to the New License Agreement and the settlement.    The Extension

Agreement is intended to, and will, have the effect of extending the term of the License

Agreement by amending paragraph S.9 of the Schedule to provide the following definition of

and terms governing the "Expiration Date":

> Subject to the Renewal Term in Paragraph 1.b(ii) and the termination provisions set forth
> in the Agreement, the "Expiration Date" shall be September 30, 2012; *provided, however,*
> that if an order confirming Licensee's chapter 11 plan of reorganization in Case No. 11-
> 26046 is entered on or before September 30, 2012, then the "Expiration Date" shall be
> the earlier of (a) the last day preceding the Commencement Date (as defined in the new
> License Agreement between Licensor and PB Energy Corporation), or (b)  October 20,
> 2012.

No other terms of the Existing License Agreement will be changed by the Extension Agreement.

15.     As specified in paragraph 2 of the Extension Agreement, the Extension

Agreement shall terminate automatically and without further action by either party or the

Bankruptcy Court in the event that the $2.0 million escrow contemplated to be paid pursuant to

the New License Agreement is not funded (a) within 20 days of signature of the New License

Agreement, or (b) within such longer period as Playboy may specify in writing (including by e-

mail)..

16.     The Extension Agreement shall not constitute a waiver of any rights or remedies

available to the Debtor or Playboy under the Existing License Agreement or otherwise, and the

Debtor and Playboy expressly preserve and reserve any and all of respective rights, claims and

defenses of the Debtor and Playboy under the License Agreement or otherwise.

17.     The Debtor has exercised reasonable business judgment in entering into the Extension Agreement, and believes that the agreement is in the best interests of the estate.

## IV.     RELIEF REQUESTED

18.     The Debtor respectfully requests the entry of an order approving the Extension Agreement.

19.     Additionally, to the extent it is applicable, the Debtor respectfully requests that, under the circumstances of this case, the Court waive the fourteen day stay otherwise imposed by Federal Rule Bankruptcy Procedure 6004(h) and/or any other applicable statute or rule.

## V.     BASIS FOR RELIEF REQUESTED

20.     Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor is authorized to operate its business.

21.     Usually, transactions such as extending the dates of its contracts as contemplated by the Extension Agreement is within the ordinary course of a debtor's business, and does not require any authority or court approval beyond the general authority granted under sections 1107 and 1108 of the Bankruptcy Code.  The Debtor believes that entering into the Extension Agreement should be viewed as and deemed to be an act within the ordinary course of the Debtor's business.

22.     The Debtor does not believe that the Extension Agreement contemplates the use, lease or sale of property of the estate.  To the extent it does, the Debtor submits that such use is within the ordinary course of the Debtor's business and, therefore, is authorized pursuant to section 363(c) of the Bankruptcy Code.

23.     The Debtor, in the exercise of its business judgment, has determined that entering into the Extension Agreement is in the best interests of its chapter 11 bankruptcy estate.

24.     While reserving all of the Debtor's rights and claims, the Extension Agreement ensures that the Debtor's rights as a licensee of Playboy under the License Agreement will continue for a short period of time.  The Debtor believes that the extension period provided

under the Extension Agreement will be adequate to permit the Debtor (a) to successfully

conclude negotiations with Playboy, and (b) to obtain confirmation of a plan of reorganization.

25.     In short, the Extension Agreement maintains the status quo while the Debtor

finalizes its negotiations and agreements with Playboy, and seeks approval of the new license

agreement, settlement and other terms pursuant to confirmation of a plan of reorganization.

26.     **VI.     PRAYER FOR RELIEF**

WHEREFORE, the Debtor asks that this Court enter an Order:

*A.*     GRANTING the Motion;

*B.*     approving the Extension Agreement;

*C.*     for cause shown, waiving the fourteen-day stay otherwise imposed by Federal

Rule Bankruptcy Procedure 6004(h) and/or under any other applicable statute or rule; and

*D.*     granting such other and further relief as the Court deems just and proper.

DATED this 30th day of July, 2012.

PARSONS KINGHORN HARRIS


/s/  Steven C. Strong
Matthew M. Boley
Steven C. Strong
*Attorneys for* debtor-in-possession
PLAY BEVERAGES, LLC

# Exhibit A

**SECOND EXTENSION AGREEMENT**
**(AND RESERVATION OF RIGHTS)**

THIS SECOND EXTENSION AGREEMENT (the "**Extension Agreement**") is made as of the 30ᵗʰ day of July, 2012, by and between PLAY BEVERAGES, LLC, a Delaware limited liability company and debtor-in-possession ("**Licensee**" or the "**Debtor**"), and PLAYBOY ENTERPRISES INTERNATIONAL, INC., a Delaware corporation ("**Licensor**"), each a "**Party**" and collectively the "**Parties.**"

R E C I T A L S

WHEREAS, on April 26, 2011 (the "**Petition Date**"), an involuntary petition for relief was filed against the Debtor pursuant to title 11 the United States Code (the "**Code**") in the United States Bankruptcy Court for the District of Utah (the "**Court**"), thereby commencing the bankruptcy case styled In re Play Beverages, LLC, Bankr. No. 11-26046 (the "**Case**"); and

WHEREAS, on August 12, 2011 (the "**Relief Date**"), the Court entered an order for relief in the Case and converted the Case to chapter 11; and

WHEREAS, since the Relief Date, the Debtor has operated its business and managed its property as a debtor-in-possession pursuant to sections 1107 and 1108 of the Code; and

WHEREAS, Licensor and the Debtor are parties to that certain License Agreement, dated as of November 1, 2006 (as amended, the "**License Agreement**"); and

WHEREAS, Licensor and the Debtor are parties to that certain Extension Agreement (and Reservation of Rights), dated as of March 22, 2012 (the "**Extension Agreement**"); and

WHEREAS, as modified and/or amended by the Extension Agreement, paragraph S.9 of the Schedule to the License Agreement (the "**Schedule**") provides that the Expiration Date (as defined in the License Agreement) of the License Agreement is: "July 31, 2012; subject to the Renewal Term in Paragraph 1.b(ii) and the termination provisions set forth in the Agreement"; and

WHEREAS, paragraphs 1.b.(ii) and 1.b.(iii) of the License Agreement provide for the possible renewal of the License Agreement for additional five-year renewal terms on the conditions set forth therein; and

WHEREAS, Licensee has filed a proposed chapter 11 plan of reorganization (the "**Plan**") and, subject to the Court's approval of its proposed disclosure statement, anticipates that a hearing on confirmation of the Plan will be heard on or about September 24, 2012; and

WHEREAS, the Debtor and Licensor have engaged in extensive good faith negotiations regarding an agreement pursuant to which Licensor and the Debtor will agree to resolve their disputes, which agreement is subject to several conditions precedent including entry of an order confirming the Debtor's plan (the "**Confirmation Order**"); and

WHEREAS, the Debtor and Licensor have engaged in extensive good faith negotiations regarding a new License Agreement (the "**New License Agreement**") with PB Energy Corporation, a newly formed Utah corporation anticipated to be the reorganized debtor under the Plan (the "**New Licensee**"), which agreement will remain subject to conditions precedent including entry of the Confirmation Order; and

WHEREAS, Licensor and the Debtor desire to extend the term of the License under the License Agreement for a short period of time to allow the Debtor to obtain entry of the Confirmation Order and to satisfy the other conditions precedent to the settlement and the New License; and

WHEREAS, the Parties intend to preserve all rights and remedies that each Party may currently have available to it under the License Agreement or otherwise while further negotiations are conducted and/or efforts to satisfy the conditions precedent are completed.

AGREEMENT

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which hereby is acknowledged, the Parties agree as follows:

1.    <u>Extension of Expiration Date</u>.  Paragraph S.9 of the Schedule is hereby modified to provide as follows:

**S.9    THE EXPIRATION DATE**

> Subject to the Renewal Term in Paragraph 1.b(ii) and the termination provisions set forth in the Agreement, the "Expiration Date" shall be September 30, 2012; *provided, however,* that if an order confirming Licensee's chapter 11 plan of reorganization in Case No. 11-26046 is entered on or before September 30, 2012, then the "Expiration Date" shall be the earlier of (a) the last day preceding the Commencement Date (as defined in the new License Agreement between Licensor and New Licensee), or (b) October 20, 2012.

Except as specifically provided herein, the terms and provisions of the License Agreement shall remain the same and be unaffected by this Extension Agreement.

2.    <u>Termination of Extension Agreement</u>.  This Extension Agreement shall terminate automatically and without further action by either party or the Bankruptcy Court in the event that the $2.0 million escrow contemplated to be paid pursuant to the New License Agreement is not funded (a) within 20 days of signature of the New License Agreement, or (b) within such longer period as Playboy may specify in writing (including by e-mail).  Otherwise, this Extension Agreement shall terminate on the "Expiration Date" as defined under paragraph 1 of this Extension Agreement and paragraph S.9 of the License Agreement as amended hereunder.

3.    <u>Purpose of Extension Agreement</u>.  The sole purpose of this Extension Agreement is to extend the Expiration Date of the License Agreement to allow the Debtor the opportunity to seek entry of the Confirmation Order and to satisfy the other conditions precedent to the New License Agreement and the settlement.  Under no circumstances shall any term of this Extension Agreement be construed (a) as a consent, waiver or release of any kind; (b) to give rise to a claim or defense by reason of estoppel, laches, abandonment, or acquiescence; or (c) to otherwise to affect in any way the rights of the Parties under the License Agreement, under the Code and/or under other applicable law.

4.    <u>No Waiver and Reservation of Rights</u>.  By entering into this Extension Agreement, neither Licensee nor Licensor intends to in any way waive or release any of their respective rights, claims and defenses against the other, and this Extension Agreement shall be construed accordingly.  Licensee and Licensor hereby expressly reserve any and all of their respective rights, claims, and defenses that may be available to Licensee and/or Licensor under the License Agreement, the Code and/or otherwise applicable law.  Accordingly, and without limiting the foregoing:

> a.    neither of the Parties intends to, or does, release the other Party (or any third-parties) of or from any claims or liabilities;

> b.    this Extension Agreement shall not be construed as Licensor's "written approval for the Agreement to renew" as referenced in Paragraphs 1.b.(ii) and 1.b.(iii) of the License Agreement;

> c.    this Extension Agreement is not intended to be, and shall not operate or be construed as, a renewal of the License Agreement, and

> d.    this Extension Agreement shall not be construed as consent or agreement by either Party to either the assumption or the rejection of the License Agreement pursuant to section 365 of the Code.

5.    <u>Public Statements</u>.  Any and all public statements, including without limitation court filings, relating to this Extension Agreement and/or the subject matter hereof must be pre-approved in writing by both of the Parties.

6.    <u>Binding Effect; Entire Agreement; Amendment.</u>  This Extension Agreement is binding upon and shall inure to the benefit of the Parties and their respective heirs, successors, assigns, officers, directors, employees, agents, representatives, subrogees and to all persons or entities claiming by, through or under them.  This Extension Agreement represents the entire understanding between the Parties with respect to the subject matter hereof, and supersedes all prior oral or written agreements and understandings relating to the subject matter hereof.  No statement, representation, warranty, covenant or agreement of any kind not expressly set forth in this Extension Agreement shall affect, or be used to interpret, change or restrict, the express terms and provisions of this Extension Agreement.  Neither this Extension Agreement nor

any provisions hereof may be changed, discharged or terminated orally, and this Extension Agreement may be modified or amended only by an instrument in writing, signed by all Parties.

7.      Governing Law. This Extension Agreement, and the rights and obligations of the Parties hereunder, shall be construed in accordance with and governed by (a) to the extent applicable, federal bankruptcy law, and (b) in all areas not governed by federal bankruptcy law, by the laws of the State of Utah.

8.      Authorization. The persons executing this Extension Agreement on behalf of a Party hereby represent and warrant that (subject to Licensee's obligations, if any, under the Code to provide notice and/or to obtain approval by the Court) they are duly authorized and empowered to execute the same, that they have carefully read this Extension Agreement, and that this Extension Agreement represents a binding and enforceable obligation of such Party.

9.      Counterparts; Electronically Transmitted Signatures. This Agreement may be executed in counterparts, each of which shall be deemed an original, and all such counterparts shall constitute one and the same Agreement. Signatures transmitted by facsimile and/or e-mail shall have the same force and effect as original signatures.

IN WITNESS WHEREOF, each of the Parties has executed this Extension Agreement as of the date first above written.

PLAY BEVERAGES, LLC

Print Name:  $GL$ $A$. $Miller$
Print Title:  $CRO$

PLAYBOY ENTERPRISES INTERNATIONAL, INC.

By
Print Name:
Print Title:  $EVP$, $Business$ $Affairs$


EXHIBIT F

**The below described is SIGNED.**

(msc)

**Dated: July 31, 2012**

_____
**JOEL T. MARKER**
**U.S. Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: **PLAY BEVERAGES, LLC**, Debtor. | Bankruptcy No. 11-26046 JTM<br>Chapter 11<br>Honorable Joel T. Marker |

### ORDER APPROVING SECOND EXTENSION AGREEMENT
### (AND RESERVATION OF RIGHTS)
### BETWEEN THE DEBTOR AND PLAYBOY

The matter before the Court is the *Ex Parte Motion to Approve Second Extension Agreement (and Reservation of Rights) Between the Debtor and Playboy*, dated July 30, 2012 [Docket No. 281] (the "**Motion**"), filed by debtor-in-possession Play Beverages, LLC (the "**Debtor**").

After reviewing the Motion, the Second Extension Agreement (and Reservation of Rights) (the "Second Extension Agreement") attached as an exhibit to the Motion, and such other matters of record as the Court deemed appropriate, the Court finds and concludes that good cause exists for granting the relief requested in the Motion, and **THE COURT HEREBY ORDERS AS FOLLOWS:**

1.    the Motion shall be, and hereby is, GRANTED;

2.    the Second Extension Agreement shall be, and hereby is, APPROVED; and

3.    to the extent the fourteen-day stay referenced under Federal Rule Bankruptcy Procedure 6004(h) and/or any other similar stay as to the immediate enforceability of an order under another rule or statute otherwise would be applicable, such stay shall be, and hereby is, WAIVED and ordered to be INAPPLICABLE to this Order.

-------------------------------------------- END OF ORDER--------------------------------------------