**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| PLAYBOY ENTERPRISES INTERNATIONAL, INC., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No.  13 CV  00826 |
| v. | ) ) | Judge Robert W. Gettleman |
| PLAY BEVERAGES, LLC, a Delaware limited liability company; CIRTRAN BEVERAGE CORPORATION, a Utah corporation; and CIRTRAN CORPORATION, a Nevada corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF**
**MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Rule 201 of the Federal Rules of Evidence, Plaintiff Playboy Enterprises

International, Inc. requests that this Court take judicial notice of the attached Exhibits A-J, which

are true and correct copies of:

| Exhibit | Description |
|---------|-------------|
| A | Chapter 7 Involuntary Petition, filed in *In re Play Beverages LLC*, Case No. 11-26046 JTM (Bankr. D. Utah Apr. 26, 2011) |
| B | Order for Relief Under Chapter 11, issued in *In re Play Beverages LLC*, Case No. 11-26046 JTM (Bankr. D. Utah Aug. 12, 2011) |
| C | Motion to Approve Extension Agreement (and Reservation of Rights) Between the Debtor and Playboy, filed in *In re Play Beverages LLC*, Case No. 11-26046 JTM (Bankr. D. Utah Mar. 22, 2012) |
| D | Order Approving Extension Agreement (and Reservation of Rights) |

| Exhibit | Description |
|---------|-------------|
|         | Between the Debtor and Playboy, issued in *In re Play Beverages LLC*, Case No. 11-26046 JTM (Bankr. D. Utah Mar. 30, 2012) |
| E       | Ex Parte Motion to Approve Second Extension Agreement (and Reservation of Rights) Between the Debtor and Playboy, filed in *In re Play Beverages LLC*, Case No. 11-26046 JTM (Bankr. D. Utah July 30, 2012) |
| F       | Order Approving Second Extension Agreement (and Reservation of Rights) Between the Debtor and Playboy, issued in *In re Play Beverages LLC*, Case No. 11-26046 JTM (Bankr. D. Utah July 31, 2012) |
| G       | Notice of Cancellation of the Plan Confirmation Hearing Previously Scheduled for September 24, 2012, filed in *In re Play Beverages LLC*, Case No. 11-26046 JTM (Bankr. D. Utah Sept. 21, 2012) |
| H       | Debtor's Response to the United States Trustee's Motion to Dismiss or to Convert Case to Chapter 7 (Stipulation to Dismissal/Objection to Conversion), filed in *In re Play Beverages LLC*, Case No. 11-26046 JTM (Bankr. D. Utah Nov. 13, 2012) |
| I       | Order Dismissing Case, issued in *In re Play Beverages LLC*, Case No. 11-26046 JTM (Bankr. D. Utah Dec. 7, 2012) |
| J       | Order Granting Defendants' Motion to Dismiss; Denying as Moot Plaintiff's Motion for Preliminary Injunction, issued in *Playboy Enterprises International, Inc. v. Play Beverages, LLC, et al.*, Case No. 12-cv-10590-SJO-E (C.D. Cal. Jan. 30, 2013) |

Federal Rule of Evidence 201(b) authorizes this Court to take judicial notice of any fact that is "not subject to reasonable dispute" in that it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Under Rule 201, the Court may take judicial notice of documents filed in any state or federal court, including the documents attached hereto as Exhibits A-I, which are documents filed in the United States Bankruptcy Court for the District of Utah, and Exhibit J, which is a document filed in the United States District Court for the Central District of California. *See General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081-82 (7th Cir. 1997) (court proceedings and records may be judicially noticed); *Limestone Development Corp. v. Village of Lemont*, 473 F. Supp. 2d 858, 867-68 (N.D. Ill. 2007).

Dated: February 1, 2013

Respectfully submitted,

/s/ M. David Weisman
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, IL 60661
Telephone: (312) 902-5200
Facsimile: (312) 902-1061
M. David Weisman
david.weisman@kattenlaw.com
Mpoli Simwanza-Johnson
msjohnson@kattenlaw.com

– and –

VENABLE LLP
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901
Richard J. Frey (Pro Hac Vice Application Forthcoming)
RJFrey@venable.com
Tamany Vinson Bentz (Pro Hac Vice App. Forthcoming)
TJBentz@venable.com

Melissa C. McLaughlin (Pro Hac Vice App. Forthcoming)
MCMcLaughlin@venable.com


*Attorneys for Plaintiff*
Playboy Enterprises International, Inc.

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on February 1, 2013, I electronically filed the foregoing ***Request For Judicial Notice in Support of Motion for Preliminary Injunction*** with the Clerk of the Court using the CM/ECF system, and caused a copy of the same to be served by Federal Express to:

       Play Beverages, LLC
       c/o Corporation Service Company, Agent
       2711 Centerville Road Suite 400
       Wilmington, DE 19808

       Cirtran Corporation:
       c/o InCorp Services, Inc., Agent
       2360 Corporate Circle, Suite 400
       Henderson, NV 89074

       Cirtran Beverage Corporation
       c/o Iehab Hawatmeh, Agent
       4125 S. 6000 W.
       West Valley City, UT 84128

             By: <u>/s/ M. David Weisman</u>
                 One of the Plaintiff's Attorneys

EXHIBIT A

Form B5 (Official Form 5) (12/07)

| United States Bankruptcy Court | INVOLUNTARY PETITION |
|---|---|
| __Central__ District of __Utah__ | |

| IN RE (Name of debtor – If individual; Last, First, Middle)<br>Play Beverages, LLC | ALL OTHER NAMES used by debtor in the last 8 years<br>(Include married, maiden, and trade names.) |
|---|---|
| Last four digits of Social-Security or other Individual's Tax-I.D. No./Complete EIN<br>(If more than one, state all): | |
| STREET ADDRESS OF DEBTOR (No. and street, city, state, and zip code)<br>4125 South 6000 West<br>West Valley City, UT | MAILING ADDRESS OF DEBTOR (If different from street address) |
| COUNTY OR RESIDENCE OR PRINCIPAL PLACE OF BUSINESS<br>UTAH | |
| 84128                                    ZIP CODE | |

LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR (If different from previously listed addresses)

CHAPTER OF BANKRUPTCY CODE UNDER WHICH PETITION IS FILED

☒ Chapter 7   ☐ Chapter 11

### INFORMATION REGARDING DEBTOR (Check applicable boxes)

| Nature of Debts<br>(Check **one** box.) | Type of Debtor<br>(Form of Organization) | Nature of Business<br>(Check **one** box.) |
|---|---|---|
| Petitioners believe | ☐  Individual (Includes Joint Debtor)<br>☒  Corporation (Includes LLC and LLP)<br>☐  Partnership<br>☐  Other (If debtor is not one of the above entities, check this box and state type of entity below.)<br><br>_____ | ☐  Health Care Business<br>☐  Single Asset Real Estate as defined in 11 U.S.C. § 101(51)(B)<br>☐  Railroad<br>☐  Stockbroker<br>☐  Commodity Broker<br>☐  Clearing Bank<br>☒  Other |
| ☐   Debts are primarily consumer debts<br>☒   Debts are primarily business debts | | |

| VENUE | FILING FEE (Check one box) |
|---|---|
| ☒   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in the District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br><br>☐   A bankruptcy case concerning debtor's affiliate, general partner or partnership is pending in this District. | ☒   Full Filing Fee attached.<br><br>☐   Petitioner is a child support creditor or its representative, and the form specified in § 304(g) of the Bankruptcy Reform Act of 1994 is attached.<br>*[If a child support creditor or its representative is a petitioner, and if the petitioner files the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.]* |

### PENDING BANKRUPTCY CASE FILED BY OR AGAINST ANY PARTNER
### OR AFFILIATE OF THIS DEBTOR (Report information for any additional cases on attached sheets.)

| Name of Debtor | Case Number | Date |
|---|---|---|
| Relationship | District | Judge |

| ALLEGATIONS<br>(Check applicable boxes) | COURT USE ONLY |
|---|---|

1.   ☒   Petitioner(s) are eligible to file this petition pursuant to 11 U.S.C. § 303 (b).
2.   ☒   The debtor is a person against whom an order for relief may be entered under title 11 of the United States Code.
3.a.   ☒   The debtor is generally not paying such debtor's debts as they become due, unless such debts are the subject of a bona fide dispute as to liability or amount;

or

   b.   ☐   Within 120 days preceding the filing of this petition, a custodian, other than a trustee receiver, or agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

B5 (Official Form 5) (12/07) – Page 2

Name of Debtor _Play Beverages, LLC_

Case No. _____

### TRANSFER OF CLAIM

☐ Check this box if there has been a transfer of any claim against the debtor by or to any petitioner. Attach all documents that evidence the transfer and any statements that are required under Bankruptcy Rule 1003(a).

### REQUEST FOR RELIEF

Petitioner(s) request that an order for relief be entered against the debtor under the chapter of title 11, United States Code, specified in this petition. If any petitioner is a foreign representative appointed in a foreign proceeding, a certified copy of the order of the court granting recognition is attached.

Petitioner(s) declare under penalty of perjury that the foregoing is true and correct according to the best of their knowledge, information, and belief.

| | |
|---|---|
| x _____ | x _____  4/20/11 |
| Signature of Petitioner or Representative (State title) | Signature of Attorney                Date |
| _L-B-MP Beverage LLC_  1/28/11 | _Parsons Behle & Latimer_ |
| Name of Petitioner          Date Signed | Name of Attorney Firm (If any) |
| | _201 S. Main St. #1800_ |
| Name & Mailing Address of Individual Signing in Representative Capacity | Address _Salt Lake City, Utah 84111_ |
| _450 N. Roxbury Dr #650 Bev Hills, CA 90210_ | Telephone No. _801.536.6603_ |

| | |
|---|---|
| x _____ | x _____ |
| Signature of Petitioner or Representative (State title) | Signature of Attorney                Date |
| Name of Petitioner          Date Signed | Name of Attorney Firm (If any) |
| Name & Mailing Address of Individual Signing in Representative Capacity | Address |
| | Telephone No. |

| | |
|---|---|
| x _____ | x _____ |
| Signature of Petitioner or Representative (State title) | Signature of Attorney                Date |
| Name of Petitioner          Date Signed | Name of Attorney Firm (If any) |
| Name & Mailing Address of Individual Signing in Representative Capacity | Address |
| | Telephone No. |

### PETITIONING CREDITORS

| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
|---|---|---|
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
| Note:   If there are more than three petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's signature under the statement and the name of attorney and petitioning creditor information in the format above. | | Total Amount of Petitioners' Claims |

_____ continuation sheets attached

B5 (Official Form 5) (12/97) – Page 2

Name of Debtor Play Beverages, LLC

Case No. _____

## TRANSFER OF CLAIM

☐ Check this box if there has been a transfer of any claim against the debtor by or to any petitioner. Attach all documents that evidence the transfer and any statements that are required under Bankruptcy Rule 1003(a).

## REQUEST FOR RELIEF

Petitioner(s) request that an order for relief be entered against the debtor under the chapter of title 11, United States Code, specified in this petition. If any petitioner is a foreign representative appointed in a foreign proceeding, a certified copy of the order of the court granting recognition is attached.

Petitioner(s) declare under penalty of perjury that the foregoing is true and correct according to the best of their knowledge, information, and belief.

X _Marc K DePaug_                             X _____ 4/2x/11
Signature of Petitioner or Representative (State title)   Signature of Attorney          Date
_WARNER K. DePaug_   4/21/2011              _Parsons Behle & Latimer_
Name of Petitioner          Date Signed      Name of Attorney Firm (if any)

Name & Mailing     84 West Park Place          Address _201 S. Main St, #1800_
Address of Individual
Signing in Representative  _Stamford, CT_      _Salt Lake City, Utah 84111_
Capacity                    _06901_            Telephone No.
                                               _801.536.6603_

X _____                             X _____ _Play Beverages_
Signature of Petitioner or Representative (State title)   Signature of Attorney

Name of Petitioner          Date Signed      Name of Attorney Firm (if any)

Name & Mailing                                 Address
Address of Individual
Signing in Representative                      Telephone No.
Capacity

X _____                             X _____        Date
Signature of Petitioner or Representative (State title)   Signature of Attorney

Name of Petitioner          Date Signed      Name of Attorney Firm (if any)

Name & Mailing                                 Address
Address of Individual
Signing in Representative                      Telephone No.
Capacity

## PETITIONING CREDITORS

| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
|---|---|---|
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |

| Note: If there are more than three petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's signature under the statement and the name of attorney and petitioning creditor information in the format above. | Total Amount of Petitioners' Claims |
|---|---|

_____ continuation sheets attached

B5 (Official Form 5) (12/07) – Page 2

Name of Debtor **Play Beverages, LLC**

Case No.

| TRANSFER OF CLAIM |
|---|
| ☐ Check this box if there has been a transfer of any claim against the debtor by or to any petitioner. Attach all documents that evidence the transfer and any statements that are required under Bankruptcy Rule 1003(a). |

| REQUEST FOR RELIEF |
|---|
| Petitioner(s) request that an order for relief be entered against the debtor under the chapter of title 11, United States Code, specified in this petition. If any petitioner is a foreign representative appointed in a foreign proceeding, a certified copy of the order of the court granting recognition is attached. |

Petitioner(s) declare under penalty of perjury that the foregoing is true and correct according to the best of their knowledge, information, and belief.

x _George Denney_
Signature of Petitioner or Representative (State title)

George Denney          4-22-11
Name of Petitioner          Date Signed

Name & Mailing
Address of Individual
Signing in Representative          _28 Woodside Lane_
Capacity          _Freeport, ME_
          _04032_

x _____          4/20/11
Signature of Attorney          Date

_Parsons Behle & Latimer_
Name of Attorney Firm (If any)

Address _201 S. Main St. #1800_
_Salt Lake City, Utah 84111_

Telephone No.
_801.536.6603_

x _____
Signature of Petitioner or Representative (State title)

Name of Petitioner          Date Signed

Name & Mailing
Address of Individual
Signing in Representative
Capacity

x _____
Signature of Attorney          Date

Name of Attorney Firm (If any)

Address

Telephone No.

x _____
Signature of Petitioner or Representative (State title)

Name of Petitioner          Date Signed

Name & Mailing
Address of Individual
Signing in Representative
Capacity

x _____
Signature of Attorney          Date

Name of Attorney Firm (If any)

Address

Telephone No.

| PETITIONING CREDITORS | | |
|---|---|---|
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
| Note: If there are more than three petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's signature under the statement and the name of attorney and petitioning creditor information in the format above. | Total Amount of Petitioners' Claims | |

_____ continuation sheets attached


EXHIBIT B

**The below described is SIGNED.**

**Dated: August 12, 2011** _____



JOEL T. MARKER
U.S. Bankruptcy Judge

---

David E. Leta (UT 1937)
Bryon J. Benevento (5254)
Kimberly Neville (9067)
Engels Tejeda (11427)
SNELL & WILMER L.L.P.
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101
Telephone: (801) 257-1900
Facsimile: (801) 257-1800
Email: dleta@swlaw.com
        bbenevento@swlaw.com
        kneville@swlaw.com
        etejeda@swlaw.com

*Proposed Counsel for* the Debtor-in-Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>**Play Beverages, LLC,**<br><br>Debtor-in-Possession | Bankruptcy No. **11-26046-JTM**<br>Chapter 11<br><br>Honorable Joel T. Marker |

### ORDER FOR RELIEF UNDER CHAPTER 11

This matter came before the Court upon *Play Beverages, LLC's (A) Withdrawal Of Motion To Dismiss Involuntary Petition, (B) Consent To Entry Of An Order For Relief, (C) Immediate Election To Convert Case To A Voluntary Case Under Chapter 11, And (D) Ex-Parte Motion For Entry Of An Order Effectuating Debtor's Election To Convert The Case To Chapter* (the "**Application**"), filed in this case on August 12, 2011 (the "**Filing Date**").

13552725.4

The Court having considered the Application, no notice or hearing being required thereon, the

Debtor having paid the filing fee required in accordance with 28 U.S.C. § 1930, pursuant to 11

U.S.C. § 706, and good cause appearing, it is hereby:

ORDERED that:

1.      The Application is Granted;

2.      The pending *Motion to Dismiss Involuntary Petition* (the "**Motion to Dismiss**")

[Docket No. 4] shall be and hereby is deemed withdrawn;

3.      The hearing on the Motion to Dismiss, presently scheduled for August 25, 2011 at

10:00 a.m., shall be and hereby is stricken;

4.      An order for relief against the Debtor under Chapter 7 shall be and hereby is

entered, effective as of the date of the Application, August 12, 2011;

5.      This chapter 7 case shall be, and hereby is, converted as of August 12, 2011, to

a voluntary case under Chapter 11, and the Debtor shall be, and hereby is, deemed hereafter to be

a Debtor-in-Possession, under Chapter 11.

6.      The Debtor-in-Possession forthwith shall file a list of all of its creditors and

parties in interest in accordance with Federal Rule of Bankruptcy Procedure 1007;

7.      A copy of this Order, together with the Application, shall be served by the Debtor

on all of the Debtor's creditors and parties in interest, together with a certificate of service

respecting the same.

------ end of order ------

13552725.4                                    2

**CLERK'S CERTIFICATE OF SERVICE**

I hereby certify that on August ____, 2011, true and correct copies of the foregoing were

served via U.S. Mail, First Class postage prepaid upon all of the parties listed below as well as

upon all parties listed on the Court's Official Mailing Matrix.


/s/_____
Deputy Clerk of Court



EXHIBIT C

Matthew M. Boley, Esq. (8536)
**PARSONS KINGHORN HARRIS, P.C.**
111 E. Broadway, 11th Floor
Salt Lake City, UT  84111
Telephone:  (801) 363-4300
Facsimile:  (801) 363-4378
E-mail:  mmb@pkhlawyers.com

*Attorneys for* debtor-in-possession
PLAY BEVERAGES, LLC

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**PLAY BEVERAGES, LLC,**<br><br>Debtor. | Bankruptcy No. 11-26046 JTM<br><br>Chapter 11<br><br>Honorable Joel T. Marker |

## MOTION TO APPROVE
## EXTENSION AGREEMENT (AND RESERVATION OF RIGHTS)
## BETWEEN THE DEBTOR AND PLAYBOY

PLAY BEVERAGES, LLC, debtor and debtor-in-possession (the "**Debtor**") in the

above-captioned chapter 11 bankruptcy case (the "**Case**"), through counsel, moves the Court for

entry of an order approving the Extension Agreement (and Reservation of Rights), a copy of

which is attached hereto as **Exhibit "A"** (the "**Extension Agreement**").  In further support of the

relief requested, the Debtor respectfully states as follows.

### I.      JURISDICTION AND VENUE

1.      The Court has jurisdiction to hear this motion pursuant to 28 U.S.C. §§ 1334 and

157.

2.      This motion represents a core proceeding pursuant to 28 U.S.C. §§ 157(b).

3.      Venue of the Case and of this motion is proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409.

4.      The legal predicates for the relief sought in this motion are 11 U.S.C. §§ 105, 363,

1107 and/or 1108.

## II.      BACKGROUND

5.      This Case was filed on April 26, 2011 (the "**Petition Date**"), when three purported creditors of the Debtor filed an involuntary petition seeking an order for relief against the Debtor under title 11 the United States Code (the "**Bankruptcy Code**").

6.      On August 12, 2011 (the "**Relief Date**"), the Debtor consented to, and the Court entered, an order for relief against the Debtor and converted the Case to chapter 11.

7.      The Debtor believes that it can reorganize its financial affairs and, thereby, maximize returns for its creditors and equity holders.

8.      Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor is operating its business and managing its property as a debtor-in-possession.

9.      No examiner or trustee has been appointed in the Case, and no official committee of creditors or equity interest holders has yet been established.

## III.      FACTS RELEVANT TO THE MOTION

10.      The Debtor, as licensee, and Playboy Enterprises International, Inc., as licensor ("**Playboy**"), are parties to that certain License Agreement, dated as of November 1, 2006 (as amended, the "**License Agreement**").

11.      Paragraph S.9 of the Schedule to the License Agreement (the "**Schedule**") provides that the "Expiration Date" of the License Agreement is "March 31, 2012; subject to the Renewal Term in Paragraph 1.b.(ii) and the termination provisions set forth in the Agreement."

12.      Paragraphs 1.b.(ii) and 1.b.(iii) of the License Agreement provide for the possible renewal of Licensee's rights as licensee under the License Agreement for additional five-year renewal terms on the conditions set forth therein.

13.      The Debtor and Playboy have engaged in extensive good faith  negotiations regarding (a) a settlement of all claims between them, and (b)  a new license agreement with the Debtor.

14.     Although these negotiations have not yet culminated in a comprehensive binding agreement, the Debtor and Playboy have agreed in principle upon many core business terms for the potential new license agreement.

15.     The Debtor believes that it will be able to negotiate a new agreement with Playboy, and that it will be able to formulate and propose a plan of reorganization based on the new agreement.

16.     Accordingly, the Debtor and Playboy have entered into the Extension Agreement to extend the term of the License Agreement for a short period of time, to permit the parties to continue negotiations and to provide the Debtor a window of time to seek approval of any agreement that may be reached pursuant to confirmation of a plan of reorganization.

17.     Among other things, this avoids potential adverse effects upon the Debtor's business, its relationship with national and international distributors of Playboy Energy Drink™ and its ability to reorganize if the Debtor's rights under the License Agreement were to expire on March 31, 2012.

18.     The Extension Agreement is intended to, and will, have the effect of extending the term of the License Agreement by changing the Expiration Date" specified in paragraph S.9 of the Schedule and referenced in paragraph 1.b.(i) of the License Agreement from March 31, 2012 to  July 31, 2012.  No other terms of the License Agreement will be changed by the Extension Agreement.

19.      The Extension Agreement shall not constitute a waiver of any rights or remedies available to the Debtor or Playboy under the License Agreement or otherwise, and the Debtor and Playboy expressly preserve and reserve any and all of respective rights, claims and defenses of the Debtor and Playboy under the License Agreement or otherwise.

20.     The Debtor has exercised reasonable business judgment in entering into the Extension Agreement, and believes that the agreement is in the best interests of the estate.

## IV.   RELIEF REQUESTED

21.     The Debtor respectfully requests the entry of an order approving the Extension

Agreement.

22.     Additionally, to the extent it is applicable, the Debtor respectfully requests that,

under the circumstances of this case, the Court waive the fourteen day stay otherwise imposed by

Federal Rule Bankruptcy Procedure 6004(h) and/or any other applicable statute or rule.

## V.   BASIS FOR RELIEF REQUESTED

23.     Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor is

authorized to operate its business.

24.     Usually, transactions such as extending the dates of its contracts as contemplated

by the Extension Agreement is within the ordinary course of a debtor's business, and does not

require any authority or court approval beyond the general authority granted under sections 1107

and 1108 of the Bankruptcy Code.  The Debtor believes that entering into the Extension

Agreement should be viewed as and deemed to be an act within the ordinary course of the

Debtor's business.

25.     The Debtor does not believe that the Extension Agreement contemplates the use,

lease or sale of property of the estate.  To the extent it does, the Debtor submits that such use is

within the ordinary course of the Debtor's business and, therefore, is authorized pursuant to

section 363(c) of the Bankruptcy Code.

26.     In any event, pursuant to section 363(b) of the Bankruptcy Code and subject to

the requirement of prior notice and a hearing, the Debtor is empowered to "use, sell, or lease,

other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b).

27.     The Debtor, in the exercise of its business judgment, has determined that entering

into the Extension Agreement is in the best interests of its chapter 11 bankruptcy estate.

28.     While reserving all of the Debtor's rights and claims, the Extension Agreement

ensures that the Debtor's rights as a licensee of Playboy under the License Agreement will

continue for a short period of time.  The Debtor believes that the extension period provided under the Extension Agreement will be adequate to permit the Debtor (a) to successfully conclude negotiations with Playboy, and (b) to obtain confirmation of a plan of reorganization.

29.    In short, the Extension Agreement maintains the status quo while the Debtor continues to negotiate terms with Playboy regarding settlement of their disputes, the possibility of a future licensee relationship and plan treatment.

30.    **VI.    PRAYER FOR RELIEF**

WHEREFORE, the Debtor asks that this Court enter an Order:

*A.*    GRANTING the Motion;

*B.*    approving the Extension Agreement;

*C.*    for cause shown, waiving the fourteen-day stay otherwise imposed by Federal Rule Bankruptcy Procedure 6004(h) and/or under any other applicable statute or rule; and

*D.*    granting such other and further relief as the Court deems just and proper.

 DATED this 22nd day of March, 2012.

PARSONS KINGHORN HARRIS


/s/  Matthew M. Boley
Matthew M. Boley
*Attorneys for* debtor-in-possession
PLAY BEVERAGES, LLC

# EXHIBIT A

## EXTENSION AGREEMENT
## (AND RESERVATION OF RIGHTS)

THIS EXTENSION AGREEMENT (the "**Extension Agreement**") is made as of the 22nd day of March, 2012, by and between PLAY BEVERAGES, LLC, a Delaware limited liability company and debtor-in-possession ("**Licensee**"), and PLAYBOY ENTERPRISES INTERNATIONAL, INC., a Delaware corporation ("**Licensor**"), each a "**Party**" and collectively the "**Parties**".

### R E C I T A L S

WHEREAS, on April 26, 2011 (the "**Petition Date**"), an involuntary petition for relief was filed against Licensee pursuant to title 11 the United States Code (the "**Code**") in the United States Bankruptcy Court for the District of Utah (the "**Court**"), thereby commencing the bankruptcy case styled In re Play Beverages, LLC, Bankr. No. 11-26046 (the "**Case**"); and

WHEREAS, on August 12, 2011 (the "**Relief Date**"), the Court entered an order for relief in the Case and converted the Case to chapter 11; and

WHEREAS, since the Relief Date, Licensee has operated its business and managed its property as a debtor-in-possession pursuant to sections 1107 and 1108 of the Code; and

WHEREAS, Licensor and Licensee are parties to that certain License Agreement, dated as of November 1, 2006 (as amended, the "**License Agreement**"); and

WHEREAS, paragraph S.9 of the Schedule to the License Agreement (the "**Schedule**") provides that the Expiration Date (as defined in the License Agreement) of the License Agreement is "March 31, 2012; subject to the Renewal Term in Paragraph 1.b.(ii) and the termination provisions set forth in the Agreement."

WHEREAS, paragraphs 1.b.(ii) and 1.b.(iii) of the License Agreement provide for the possible renewal of the License Agreement for additional five-year renewal terms on the conditions set forth therein;

WHEREAS, Licensee and Licensor have been, and currently are, engaged in extensive good faith negotiations which have resulted in an agreement in principle on many core business terms for a potential new license agreement, pursuant to which the Parties would settle their disputes and the Debtor would, on certain conditions, be a licensee of Playboy under the potential new license agreement; and

WHEREAS, Licensee and Licensor desire to extend the term of the License under the License Agreement for a short period of time to allow the Parties sufficient time to finish their current negotiations and to allow the Debtor sufficient time to formulate and pursue the confirmation of a plan of reorganization based on the potential new agreement; and

WHEREAS, the Parties intend to preserve all rights and remedies that each Party may currently have available to it under the License Agreement or otherwise while their further negotiations are conducted.

### A G R E E M E N T

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which hereby is acknowledged, the Parties agree as follows:

1.    Approval by the Court. This Extension Agreement is subject to notice to creditors in the Case and approval by the Court. Upon the execution of this Extension Agreement, the Debtor will prepare, file, and notice for hearing a motion for approval of this Extension Agreement. The Debtor agrees to use its best efforts to secure entry of a final order of the Court in the Case approving this Extension Agreement (the "**Approval Order**"). This Extension Agreement shall be binding upon the Parties as of the date when each of the Parties has executed this Agreement, but the obligations of the Parties hereunder are subject to and contingent upon the entry of the Approval Order.

2.    Extension of Expiration Date.  Paragraph S.9 of the Schedule is hereby modified by substituting the date of July 31, 2012 for the current date of March 31, 2012.  Thus, as modified, Section S.9 of the Schedule shall provide as follows:

**S.9    THE EXPIRATION DATE**

July 31, 2012; subject to the Renewal Term in Paragraph 1.b(ii) and the termination provisions set forth in the Agreement.

Except as specifically provided herein, the terms and provisions of the License Agreement shall remain the same and be unaffected by this Extension Agreement.

3.    Termination of Extension Agreement.  This Extension Agreement shall terminate on the earlier of:

(a) July 31, 2012; or

(b) fifteen calendar days after either Licensee or Licensor, acting in good faith, provides written notice to the other that (i) the Parties have reached an impasse in their negotiations, or (ii) such Party has determined that it does not desire to enter into a new license agreement with the other.

4.    Purpose of Extension Agreement.  The sole purpose of this Extension Agreement is to extend the Expiration Date of the License Agreement  to provide the Parties sufficient time to finish their current negotiations for a potential new license agreement and provide the Debtor sufficient time to formulate and pursue the confirmation of a plan of reorganization based on the potential new agreement.  Under no circumstances shall any term of this Extension Agreement be construed (a) as a consent, waiver or release of any kind; (b) to give rise to a claim or defense by reason of estoppel, laches, abandonment, or acquiescence; or (c) to otherwise to affect in any way the rights of the Parties under the License Agreement, under the Code and/or under other applicable law.

5.    No Waiver and Reservation of Rights.  By entering into this Extension Agreement, neither Licensee nor Licensor intends to in any way waive or release any of their respective rights, claims and defenses against the other, and this Extension Agreement shall be construed accordingly.  Licensee and Licensor hereby expressly reserve any and all of their respective rights, claims, and defenses that may be available to Licensee and/or Licensor under the License Agreement, the Code and/or otherwise applicable law.  Accordingly, and without limiting the foregoing:

a.    neither of the Parties intends to, or does, release the other Party (or any third-parties) of or from any claims or liabilities;

b.    this Extension Agreement shall not be construed as Licensor's "written approval for the Agreement to renew" as referenced  in Paragraphs 1.b.(ii) and 1.b.(iii) of the License Agreement;

c.    this Extension Agreement is not intended to be, and shall not operate or be construed as, a renewal of the License Agreement,  and

d.    this Extension Agreement shall not be construed as consent or agreement by either Party to either the assumption or the rejection of the License Agreement pursuant to section 365 of the Code.

6.    Public Statements.  Any and all public statements, including without limitation court filings, relating to this Extension Agreement and/or the subject matter hereof must be pre-approved in writing by both of the Parties.

7.    Binding Effect; Entire Agreement; Amendment.  Subject to entry of the Approval Order, this Extension Agreement is binding upon and shall inure to the benefit of the Parties and their respective heirs, successors, assigns, officers, directors, employees, agents, representatives, subrogees and to all persons or entities claiming by, through or under them.  This Extension Agreement represents the entire understanding between the Parties with respect to the subject matter hereof, and supersedes all prior oral or written agreements and understandings relating to the subject matter hereof.  No statement, representation, warranty, covenant or agreement of any kind not expressly set forth in this Extension Agreement shall affect, or be used to interpret, change or restrict, the express terms and provisions of this Extension Agreement.  Neither this Extension Agreement nor any provisions hereof may be changed, discharged or terminated orally, and this Extension Agreement may be modified or amended only by an instrument in writing, signed by all Parties.

8.    Governing Law.  This Extension Agreement, and the rights and obligations of the Parties hereunder, shall be construed in accordance with and governed by (a) to the extent applicable, federal bankruptcy law, and (b) in all areas not governed by federal bankruptcy law, by the laws of the State of Utah.

9.     <u>Authorization</u>.  The persons executing this Extension Agreement on behalf of a Party hereby represent and warrant that (subject to Licensee's obligations, if any, under the Code to provide notice and/or to obtain approval by the Court) they are duly authorized and empowered to execute the same, that they have carefully read this Extension Agreement, and that this Extension Agreement represents a binding and enforceable obligation of such Party.

10.     <u>Counterparts; Electronically Transmitted Signatures.</u>  This Agreement may be executed in counterparts, each of which shall be deemed an original, and all such counterparts shall constitute one and the same Agreement. Signatures transmitted by facsimile and/or e-mail shall have the same force and effect as original signatures.

IN WITNESS WHEREOF, each of the Parties has executed this Extension Agreement as of the date first above written.

**PLAY BEVERAGES, LLC**

By _____

Print Name: _Gil A. Miller_

Print Title: _CRO_

**PLAYBOY ENTERPRISES INTERNATIONAL, INC.**

By _____

Print Name:

Print Title:

9.      Authorization.  The persons executing this Extension Agreement on behalf of a Party hereby represent
and warrant that (subject to Licensee's obligations, if any, under the Code to provide notice and/or to obtain approval by the
Court) they are duly authorized and empowered to execute the same, that they have carefully read this Extension
Agreement, and that this Extension Agreement represents a binding and enforceable obligation of such Party.

10.      Counterparts; Electronically Transmitted Signatures.  This Agreement may be executed in counterparts,
each of which shall be deemed an original, and all such counterparts shall constitute one and the same Agreement.
Signatures transmitted by facsimile and/or e-mail shall have the same force and effect as original signatures.

IN WITNESS WHEREOF, each of the Parties has executed this Extension Agreement as of the date first above
written.

PLAY BEVERAGES, LLC

By _____
    Print Name:
    Print Title:

PLAYBOY ENTERPRISES INTERNATIONAL, INC.

By _____
    Print Name: Rachel Sagan
    Print Title: EVP, Business Affairs



EXHIBIT D

**The below described is SIGNED.**


**Dated: March 30, 2012**   _____

**JOEL T. MARKER**
**U.S. Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**PLAY BEVERAGES, LLC**,<br><br>Debtor. | Bankruptcy No. 11-26046 JTM<br><br>Chapter 11<br><br>Honorable Joel T. Marker |

## ORDER APPROVING
## EXTENSION AGREEMENT (AND RESERVATION OF RIGHTS)
## BETWEEN THE DEBTOR AND PLAYBOY

This matter came before the Court on March 30, 2012 at 10:00 a.m. upon the *Motion to Approve Extension Agreement (and Reservation of Rights) Between the Debtor and Playboy*, dated March 22, 2012 [Docket No. 241] (the "**Motion**"), filed by debtor-in-possession Play Beverages, LLC (the "**Debtor**").  Matthew M. Boley appeared on behalf of the Debtor.  Danny C. Kelly appeared on behalf of Playboy Enterprises International, Inc. ("**Playboy**").  Other counsel and parties-in-interest entered their appearances on the record.

After reviewing the Motion and such other matters in the file as the Court deemed appropriate, in light of the undisputed facts set forth in the Motion, and after considering such other and further matters as the Court deemed appropriate, the Court hereby

**FINDS AND CONCLUDES** as follows:

A.	the Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334;

B.	this is a core proceeding pursuant to 28 U.S.C. § 157;

C.	notice of the Motion and the hearing thereon was appropriate in the particular circumstances;

D.	good cause exists for the relief granted herein;

E.      the Debtor's decision to enter into the *Extension Agreement (and Reservation of Rights)*, a copy of which was attached as Exhibit A to the Motion (the "**Extension Agreement**"), appears to have been a reasonable exercise of business judgment;

F.      the relief granted herein is in the best interest of the Debtor, the Debtor's creditors and the Debtor's bankruptcy estate; and

G.      to the extent the Court made other or additional findings and conclusion on the record during the hearing on the Motion, such findings and conclusions are incorporated herein by reference.

WHEREFORE, based upon the Motion, the Court's findings and conclusions, and good cause appearing, it hereby is

**ORDERED** that:

1.      the Motion shall be, and hereby is, GRANTED;

2.      the Exention Agreements shall be, and hereby is, APPROVED;

3.      the Debtor shall be, and hereby is, AUTHORIZED to enter into the Extension Agreement;

4.      this order shall be, and hereby is, immediately in force and enforceable; and

5.      to the extent the fourteen-day stay referenced under Federal Rule Bankruptcy Procedure 6004(h) and/or any other similar stay as to the immediate enforceability of an order under another rule or statute is or may be applicable, such stay shall be, and hereby is, WAIVED and ordered to be INAPPLICABLE to this Order.

------------------------------------- END OF DOCUMENT -------------------------------------

Approved as to Form:

**STOEL RIVES LLP**

/s/  Danny C. Kelly
Danny C. Kelly
*Attorneys for* Playboy Enterprises International, Inc.

## DESIGNATION OF PARTIES TO BE SERVED

The undersigned hereby designates the following parties to be served a copy of the foregoing **ORDER**:

**(A) By electronic notice delivered via CM/ECF to all persons who are registered to receive such notice and (B) to all others by U.S. Mail, first-class postage prepaid:**

Matthew M. Boley
PARSONS KINGHORN HARRIS
111 E. Broadway, 11th Floor
Salt Lake City, UT 84111

Gil A. Miller
ROCKY MOUNTAIN ADVISORY LLC
215 South State Street, Suite 550
Salt Lake City, UT 84111

Bryon J. Benevento
Kimberly Neville
SNELL & WILMER LLP
15 W. South Temple, Suite 1200
Salt Lake City, UT 84101

J. Thomas Beckett
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, UT 84111

PLAY BEVERAGES, LLC
Attn:  Iehab J. Hawatmeh
4125 South 6000 West
West Valley City, Utah 84128

Laurie A. Cayton, Esq.
OFFICE OF THE UNITED STATES TRUSTEE
405 South Main Street, Suite 300
Salt Lake City, UT 84111

Danny C. Kelly
Mark E. Hindley
Jason W. Crowell
STOEL RIVES LLP
201 South Main, Suite 1100
Salt Lake City, UT  84111

Michael N. Emery
RICHARDS BRANDT MILLER NELSON
299 South Main Street, 15th Floor
Salt Lake City, UT 84111

/s/ Matthew M. Boley



EXHIBIT E

Matthew M. Boley (8536)
Steven C. Strong (6340)
**PARSONS KINGHORN HARRIS, P.C.**
111 E. Broadway, 11th Floor
Salt Lake City, UT  84111
Telephone:  (801) 363-4300
Facsimile:   (801) 363-4378
E-mail:  mmb@pkhlawyers.com

*Attorneys for* debtor-in-possession
PLAY BEVERAGES, LLC

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**PLAY BEVERAGES, LLC,**<br><br>Debtor. | Bankruptcy No. 11-26046 JTM<br><br>Chapter 11<br><br>Honorable Joel T. Marker |

### EX PARTE MOTION TO APPROVE
### SECOND EXTENSION AGREEMENT (AND RESERVATION OF RIGHTS)
### BETWEEN THE DEBTOR AND PLAYBOY

PLAY BEVERAGES, LLC, debtor and debtor-in-possession (the "**Debtor**") in the

above-captioned chapter 11 bankruptcy case (the "**Case**"), through counsel, moves the Court for

entry of an ex parte order approving the Second Extension Agreement (and Reservation of

Rights), a copy of which is attached hereto as **Exhibit "A"** (the "**Extension Agreement**").  In

further support of the relief requested, the Debtor respectfully states as follows:

**I.       JURISDICTION AND VENUE**

      1.       The Court has jurisdiction to hear this motion pursuant to 28 U.S.C. §§ 1334 and

157.

      2.       This motion represents a core proceeding pursuant to 28 U.S.C. §§ 157(b).

      3.       Venue of the Case and of this motion is proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409.

      4.       The legal predicates for the relief sought in this motion are 11 U.S.C. §§ 105, 363,

1107 and/or 1108.

{00149277.DOC / }

## II.    BACKGROUND

5.    This Case was filed on April 26, 2011 (the "**Petition Date**"), when three purported creditors of the Debtor filed an involuntary petition seeking an order for relief against the Debtor under title 11 the United States Code (the "**Bankruptcy Code"**).

6.    On August 12, 2011 (the "**Relief Date**"), the Debtor consented to, and the Court entered, an order for relief against the Debtor and converted the Case to chapter 11.

7.    The Debtor believes that it can reorganize its financial affairs and, thereby, maximize returns for its creditors and equity holders.

8.    Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor is operating its business and managing its property as a debtor-in-possession.

9.    No examiner or trustee has been appointed in the Case, and no official committee of creditors or equity interest holders has yet been established.

## III.    FACTS RELEVANT TO THE MOTION

10.    The Debtor, as licensee, and Playboy Enterprises International, Inc., as licensor ("**Playboy**"), are parties to that certain License Agreement, dated as of November 1, 2006 (as amended, the "**Existing License Agreement**").

11.    As amended pursuant to the court-approved first *Extension Agreement (and Reservation of Rights)*, paragraph S.9 of the Schedule to the License Agreement (the "**Schedule**") provides that the "Expiration Date" of the Existing License Agreement is "July 31, 2012" subject to the Renewal Term in Paragraph 1.b.(ii) and the termination provisions set forth in the License Agreement.

12.    The Debtor and Playboy have engaged in extensive good faith  negotiations regarding (a) a settlement of all claims between them, and (b)  a new license agreement with the Debtor.

13.    The Debtor believes that it will be able to confirm a plan of reorganization based, in part, on the new license agreement.  The Debtor will be unable, however, to present the plan

for confirmation or to obtain entry of an order confirming the plan and approving the new license

agreement prior to the July 31, 2012 "Expiration Date" under the Existing License Agreement.

14.      Accordingly, the Debtor and Playboy have entered into the Extension Agreement

to extend the term of the Existing License Agreement for a short period of time, to allow the

Debtor the opportunity to seek entry of the Confirmation Order and to satisfy the other

conditions precedent to the New License Agreement and the settlement.    The Extension

Agreement is intended to, and will, have the effect of extending the term of the License

Agreement by amending paragraph S.9 of the Schedule to provide the following definition of

and terms governing the "Expiration Date":

> Subject to the Renewal Term in Paragraph 1.b(ii) and the termination provisions set forth
> in the Agreement, the "Expiration Date" shall be September 30, 2012; *provided, however,*
> that if an order confirming Licensee's chapter 11 plan of reorganization in Case No. 11-
> 26046 is entered on or before September 30, 2012, then the "Expiration Date" shall be
> the earlier of (a) the last day preceding the Commencement Date (as defined in the new
> License Agreement between Licensor and PB Energy Corporation), or (b)  October 20,
> 2012.

No other terms of the Existing License Agreement will be changed by the Extension Agreement.

15.      As specified in paragraph 2 of the Extension Agreement, the Extension

Agreement shall terminate automatically and without further action by either party or the

Bankruptcy Court in the event that the $2.0 million escrow contemplated to be paid pursuant to

the New License Agreement is not funded (a) within 20 days of signature of the New License

Agreement, or (b) within such longer period as Playboy may specify in writing (including by e-

mail)..

16.      The Extension Agreement shall not constitute a waiver of any rights or remedies

available to the Debtor or Playboy under the Existing License Agreement or otherwise, and the

Debtor and Playboy expressly preserve and reserve any and all of respective rights, claims and

defenses of the Debtor and Playboy under the License Agreement or otherwise.

17.     The Debtor has exercised reasonable business judgment in entering into the Extension Agreement, and believes that the agreement is in the best interests of the estate.

## IV.     RELIEF REQUESTED

18.     The Debtor respectfully requests the entry of an order approving the Extension Agreement.

19.     Additionally, to the extent it is applicable, the Debtor respectfully requests that, under the circumstances of this case, the Court waive the fourteen day stay otherwise imposed by Federal Rule Bankruptcy Procedure 6004(h) and/or any other applicable statute or rule.

## V.     BASIS FOR RELIEF REQUESTED

20.     Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor is authorized to operate its business.

21.     Usually, transactions such as extending the dates of its contracts as contemplated by the Extension Agreement is within the ordinary course of a debtor's business, and does not require any authority or court approval beyond the general authority granted under sections 1107 and 1108 of the Bankruptcy Code.  The Debtor believes that entering into the Extension Agreement should be viewed as and deemed to be an act within the ordinary course of the Debtor's business.

22.     The Debtor does not believe that the Extension Agreement contemplates the use, lease or sale of property of the estate.  To the extent it does, the Debtor submits that such use is within the ordinary course of the Debtor's business and, therefore, is authorized pursuant to section 363(c) of the Bankruptcy Code.

23.     The Debtor, in the exercise of its business judgment, has determined that entering into the Extension Agreement is in the best interests of its chapter 11 bankruptcy estate.

24.     While reserving all of the Debtor's rights and claims, the Extension Agreement ensures that the Debtor's rights as a licensee of Playboy under the License Agreement will continue for a short period of time.  The Debtor believes that the extension period provided

under the Extension Agreement will be adequate to permit the Debtor (a) to successfully

conclude negotiations with Playboy, and (b) to obtain confirmation of a plan of reorganization.

25.    In short, the Extension Agreement maintains the status quo while the Debtor

finalizes its negotiations and agreements with Playboy, and seeks approval of the new license

agreement, settlement and other terms pursuant to confirmation of a plan of reorganization.

26.    **VI.    PRAYER FOR RELIEF**

WHEREFORE, the Debtor asks that this Court enter an Order:

*A.*    GRANTING the Motion;

*B.*    approving the Extension Agreement;

*C.*    for cause shown, waiving the fourteen-day stay otherwise imposed by Federal

Rule Bankruptcy Procedure 6004(h) and/or under any other applicable statute or rule; and

*D.*    granting such other and further relief as the Court deems just and proper.

DATED this 30th day of July, 2012.

PARSONS KINGHORN HARRIS


/s/  Steven C. Strong
Matthew M. Boley
Steven C. Strong
*Attorneys for* debtor-in-possession
PLAY BEVERAGES, LLC

# Exhibit A

## SECOND EXTENSION AGREEMENT
### (AND RESERVATION OF RIGHTS)

THIS SECOND EXTENSION AGREEMENT (the "**Extension Agreement**") is made as of the 30*th* day of July, 2012, by and between PLAY BEVERAGES, LLC, a Delaware limited liability company and debtor-in-possession ("**Licensee**" or the "**Debtor**"), and PLAYBOY ENTERPRISES INTERNATIONAL, INC., a Delaware corporation ("**Licensor**"), each a "**Party**" and collectively the "**Parties.**"

### R E C I T A L S

WHEREAS, on April 26, 2011 (the "**Petition Date**"), an involuntary petition for relief was filed against the Debtor pursuant to title 11 the United States Code (the "**Code**") in the United States Bankruptcy Court for the District of Utah (the "**Court**"), thereby commencing the bankruptcy case styled In re Play Beverages, LLC, Bankr. No. 11-26046 (the "**Case**"); and

WHEREAS, on August 12, 2011 (the "**Relief Date**"), the Court entered an order for relief in the Case and converted the Case to chapter 11; and

WHEREAS, since the Relief Date, the Debtor has operated its business and managed its property as a debtor-in-possession pursuant to sections 1107 and 1108 of the Code; and

WHEREAS, Licensor and the Debtor are parties to that certain License Agreement, dated as of November 1, 2006 (as amended, the "**License Agreement**"); and

WHEREAS, Licensor and the Debtor are parties to that certain Extension Agreement (and Reservation of Rights), dated as of March 22, 2012 (the "**Extension Agreement**"); and

WHEREAS, as modified and/or amended by the Extension Agreement, paragraph S.9 of the Schedule to the License Agreement (the "**Schedule**") provides that the Expiration Date (as defined in the License Agreement) of the License Agreement is: "July 31, 2012; subject to the Renewal Term in Paragraph 1.b(ii) and the termination provisions set forth in the Agreement"; and

WHEREAS, paragraphs 1.b.(ii) and 1.b.(iii) of the License Agreement provide for the possible renewal of the License Agreement for additional five-year renewal terms on the conditions set forth therein; and

WHEREAS, Licensee has filed a proposed chapter 11 plan of reorganization (the "**Plan**") and, subject to the Court's approval of its proposed disclosure statement, anticipates that a hearing on confirmation of the Plan will be heard on or about September 24, 2012; and

WHEREAS, the Debtor and Licensor have engaged in extensive good faith negotiations regarding an agreement pursuant to which Licensor and the Debtor will agree to resolve their disputes, which agreement is subject to several conditions precedent including entry of an order confirming the Debtor's plan (the "**Confirmation Order**"); and

WHEREAS, the Debtor and Licensor have engaged in extensive good faith negotiations regarding a new License Agreement (the "**New License Agreement**") with PB Energy Corporation, a newly formed Utah corporation anticipated to be the reorganized debtor under the Plan (the "**New Licensee**"), which agreement will remain subject to conditions precedent including entry of the Confirmation Order; and

WHEREAS, Licensor and the Debtor desire to extend the term of the License under the License Agreement for a short period of time to allow the Debtor to obtain entry of the Confirmation Order and to satisfy the other conditions precedent to the settlement and the New License; and

WHEREAS, the Parties intend to preserve all rights and remedies that each Party may currently have available to it under the License Agreement or otherwise while further negotiations are conducted and/or efforts to satisfy the conditions precedent are completed.

{00148081.DOCX / 4 }

AGREEMENT

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which hereby is acknowledged, the Parties agree as follows:

1.    <u>Extension of Expiration Date</u>. Paragraph S.9 of the Schedule is hereby modified to provide as follows:

### S.9    THE EXPIRATION DATE

Subject to the Renewal Term in Paragraph 1.b(ii) and the termination provisions set forth in the Agreement, the "Expiration Date" shall be September 30, 2012; *provided, however*, that if an order confirming Licensee's chapter 11 plan of reorganization in Case No. 11-26046 is entered on or before September 30, 2012, then the "Expiration Date" shall be the earlier of (a) the last day preceding the Commencement Date (as defined in the new License Agreement between Licensor and New Licensee), or (b) October 20, 2012.

Except as specifically provided herein, the terms and provisions of the License Agreement shall remain the same and be unaffected by this Extension Agreement.

2.    <u>Termination of Extension Agreement</u>. This Extension Agreement shall terminate automatically and without further action by either party or the Bankruptcy Court in the event that the $2.0 million escrow contemplated to be paid pursuant to the New License Agreement is not funded (a) within 20 days of signature of the New License Agreement, or (b) within such longer period as Playboy may specify in writing (including by e-mail). Otherwise, this Extension Agreement shall terminate on the "Expiration Date" as defined under paragraph 1 of this Extension Agreement and paragraph S.9 of the License Agreement as amended thereunder.

3.    <u>Purpose of Extension Agreement</u>. The sole purpose of this Extension Agreement is to extend the Expiration Date of the License Agreement to allow the Debtor the opportunity to seek entry of the Confirmation Order and to satisfy the other conditions precedent to the New License Agreement and the settlement. Under no circumstances shall any term of this Extension Agreement be construed (a) as a consent, waiver or release of any kind; (b) to give rise to a claim or defense by reason of estoppel, laches, abandonment, or acquiescence; or (c) to otherwise to affect in any way the rights of the Parties under the License Agreement, under the Code and/or under other applicable law.

4.    <u>No Waiver and Reservation of Rights</u>. By entering into this Extension Agreement, neither Licensee nor Licensor intends to in any way waive or release any of their respective rights, claims and defenses against the other, and this Extension Agreement shall be construed accordingly. Licensee and Licensor hereby expressly reserve any and all of their respective rights, claims, and defenses that may be available to Licensee and/or Licensor under the License Agreement, the Code and/or otherwise applicable law. Accordingly, and without limiting the foregoing:

a.    neither of the Parties intends to, or does, release the other Party (or any third-parties) of or from any claims or liabilities;

b.    this Extension Agreement shall not be construed as Licensor's "written approval for the Agreement to renew" as referenced in Paragraphs 1.b.(ii) and 1.b.(iii) of the License Agreement;

c.    this Extension Agreement is not intended to be, and shall not operate or be construed as, a renewal of the License Agreement, and

d.    this Extension Agreement shall not be construed as consent or agreement by either Party to either the assumption or the rejection of the License Agreement pursuant to section 365 of the Code.

5.    <u>Public Statements</u>. Any and all public statements, including without limitation court filings, relating to this Extension Agreement and/or the subject matter hereof must be pre-approved in writing by both of the Parties.

6.    <u>Binding Effect; Entire Agreement; Amendment.</u> This Extension Agreement is binding upon and shall inure to the benefit of the Parties and their respective heirs, successors, assigns, officers, directors, employees, agents, representatives, subrogees and to all persons or entities claiming by, through or under them. This Extension Agreement represents the entire understanding between the Parties with respect to the subject matter hereof, and supersedes all prior oral or written agreements and understandings relating to the subject matter hereof. No statement, representation, warranty, covenant or agreement of any kind not expressly set forth in this Extension Agreement shall affect, or be used to interpret, change or restrict, the express terms and provisions of this Extension Agreement. Neither this Extension Agreement nor

any provisions hereof may be changed, discharged or terminated orally, and this Extension Agreement may be modified or amended only by an instrument in writing, signed by all Parties.

7.     Governing Law. This Extension Agreement, and the rights and obligations of the Parties hereunder, shall be construed in accordance with and governed by (a) to the extent applicable, federal bankruptcy law, and (b) in all areas not governed by federal bankruptcy law, by the laws of the State of Utah.

8.     Authorization. The persons executing this Extension Agreement on behalf of a Party hereby represent and warrant that (subject to Licensee's obligations, if any, under the Code to provide notice and/or to obtain approval by the Court) they are duly authorized and empowered to execute the same, that they have carefully read this Extension Agreement, and that this Extension Agreement represents a binding and enforceable obligation of such Party.

9.     Counterparts; Electronically Transmitted Signatures. This Agreement may be executed in counterparts, each of which shall be deemed an original, and all such counterparts shall constitute one and the same Agreement. Signatures transmitted by facsimile and/or e-mail shall have the same force and effect as original signatures.

IN WITNESS WHEREOF, each of the Parties has executed this Extension Agreement as of the date first above written.

PLAY BEVERAGES, LLC

By _____
Print Name: *GL A. Miller*
Print Title: *CRO*

PLAYBOY ENTERPRISES INTERNATIONAL, INC.

By _____
Print Name: _____
Print Title: _____


EXHIBIT F

**The below described is SIGNED.**

(msc)

**Dated: July 31, 2012**

_____
**JOEL T. MARKER**
**U.S. Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**PLAY BEVERAGES, LLC,**<br><br>Debtor. | Bankruptcy No. 11-26046 JTM<br><br>Chapter 11<br><br>Honorable Joel T. Marker |

## ORDER APPROVING SECOND EXTENSION AGREEMENT
## (AND RESERVATION OF RIGHTS)
## BETWEEN THE DEBTOR AND PLAYBOY

The matter before the Court is the *Ex Parte Motion to Approve Second Extension Agreement (and Reservation of Rights) Between the Debtor and Playboy*, dated July 30, 2012 [Docket No. 281] (the "**Motion**"), filed by debtor-in-possession Play Beverages, LLC (the "**Debtor**").

After reviewing the Motion, the Second Extension Agreement (and Reservation of Rights) (the "Second Extension Agreement") attached as an exhibit to the Motion, and such other matters of record as the Court deemed appropriate, the Court finds and concludes that good cause exists for granting the relief requested in the Motion, and **THE COURT HEREBY ORDERS AS FOLLOWS:**

1.      the Motion shall be, and hereby is, GRANTED;

2.      the Second Extension Agreement shall be, and hereby is, APPROVED; and

3.      to the extent the fourteen-day stay referenced under Federal Rule Bankruptcy Procedure 6004(h) and/or any other similar stay as to the immediate enforceability of an order under another rule or statute otherwise would be applicable, such stay shall be, and hereby is, WAIVED and ordered to be INAPPLICABLE to this Order.

--------------------------------------------- END OF ORDER---------------------------------------------

EXHIBIT G

Matthew M. Boley (8536)
Steven C. Strong (6340)
**PARSONS KINGHORN HARRIS, P.C.**
111 E. Broadway, 11th Floor
Salt Lake City, UT  84111
Telephone:  (801) 363-4300
Facsimile:   (801) 363-4378
E-mail:  mmb@pkhlawyers.com
              scs@pkhlawyers.com

*Attorneys for* debtor-in-possession
PLAY BEVERAGES, LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>**PLAY BEVERAGES, LLC**,<br><br>    Debtor. | Bankruptcy No. 11-26046 JTM<br><br>Chapter 11<br><br>Honorable Joel T. Marker |

**NOTICE OF CANCELLATION OF THE PLAN CONFIRMATION HEARING**
**PREVIOUSLY SCHEDULED FOR SEPTEMBER 24, 2012**

        PLEASE TAKE NOTICE THAT the hearing previously scheduled for September 24, 2012 at 10:00 a.m. to consider confirmation of the *Debtor's Plan of Reorganization dated August 21, 2012* (the "**Plan**") has been <u>cancelled and stricken</u>.

        The Debtor is unable to seek confirmation of the Plan at this time because one or more of the conditions precedent to confirmation remains unsatisfied.  Among other reasons, the Debtor has not yet received a deposit of funds or other financial assurances acceptable to the Debtor from a New Investor (as defined under the Plan) for the purchase of New Capital Shares (as defined in the Plan), which funds are anticipated by the terms of the Plan to capitalize the reorganized debtor and fund certain Effective Date payments.

        DATED this 21st day of September, 2012.

                        **PARSONS KINGHORN HARRIS**


                        /s/  Matthew M. Boley
                        Matthew M. Boley
                        *Attorneys for* the debtor-in-possession
                        PLAY BEVERAGES, LLC



EXHIBIT H

Matthew M. Boley (8536)
**PARSONS KINGHORN HARRIS, P.C.**
111 E. Broadway, 11th Floor
Salt Lake City, UT  84111
Telephone:  (801) 363-4300
Facsimile:  (801) 363-4378
E-mail: mmb@pkhlawyers.com

*Attorneys for* debtor-in-possession
PLAY BEVERAGES, LLC

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**PLAY BEVERAGES, LLC**,<br><br>Debtor. | Bankruptcy No. 11-26046 JTM<br><br>Chapter 11<br><br>Honorable Joel T. Marker |

## DEBTOR'S RESPONSE TO THE UNITED STATES TRUSTEE'S MOTION TO DISMISS OR TO CONVERT CASE TO CHAPTER 7 (STIPULATION TO DISMISSAL / OBJECTION TO CONVERSION)

PLAY BEVERAGES, LLC, debtor and debtor-in-possession (the "**Debtor**") in the above-captioned chapter 11 case (the "**Case**"), through counsel, hereby responds to the *United States Trustee's Motion to Dismiss or to Convert Case to Chapter 7*, dated October 25, 2012 [Docket Nos. 343 and 344] (the "**Motion**").

The Debtor does not oppose dismissal of the Case.  Indeed, the Debtor's principal assets are litigation claims and contract rights that can be vindicated only through litigation against Playboy Enterprises International, Inc. ("**Playboy**").  The Debtor has been unable to reach an agreement with Playboy which the Debtor is able to perform and which, therefore, is feasible and capable of being approved pursuant to a plan of reorganization.  Absent such an agreement and a feasible plan, the Case has devolved into what is, essentially, a two party litigation dispute. Under these circumstances, continuation of bankruptcy protections (including the automatic stay)

and bankruptcy administration do not appear to be necessary or warranted.  As such, the Debtor stipulates to dismissal of the Case.

The Debtor, however, opposes conversion of the Case to chapter 7 and/or appointment of a trustee.  While the Case may be dismissed upon the Debtor's stipulation, "cause" to convert the Case or to appoint a trustee does <u>not</u> exist.  In this regard, the evidence will show that:

- the Debtor is current in filing its monthly operating reports;

- the Debtor is actively prosecuting this Case;

- the bankruptcy estate is not experiencing a continuing diminution – let alone one that would be cured by conversion to chapter 7 and/or appointment of a trustee;

- the Debtor is able to fund litigation against Playboy, and a chapter 11 plan centered on such litigation is feasible;

- the funding that the Debtor has arranged will not be available to a chapter 7 or 11 trustee;

- it is not likely that a bankruptcy trustee would be able to fund litigation against Playboy;

- the Debtor is able to fund payment of ongoing administrative expenses to its professionals; and

- conversion of the Case likely would lead to administrative insolvency.

In further opposition to the Motion's request for appointment of a trustee, the Debtor incorporates by reference the facts, arguments and authorities stated in *Debtor's Objection and Response in Opposition to Petitioning Creditors' Motion to Convert Case to Chapter 7*, dated October 29, 2012 [Docket No. 356].

The Debtor concedes that it does not necessarily need bankruptcy protections or bankruptcy oversight to pursue litigation against Playboy.  Nevertheless, a chapter 11 plan centered on litigation would be better for creditors and equity holders than conversion to chapter

7 or appointment of a trustee.  While there may not be a compelling reason for the Debtor to

continue in bankruptcy, conversion or appointment of a trustee would be catastrophic for the

Debtor, its creditors and its equity holders.

     As such, if the Court believes that continued bankruptcy supervision is necessary to

protect creditors and/or equity holders, it should leave the Case in chapter 11 and should permit

the debtor-in-possession to pursue confirmation of a plan.  In this regard, that "even if [the

Debtor] ha[s] no ongoing business, the lack of an ongoing business is irrelevant for purposes of

evaluating eligibility for Chapter 11 relief."  In re Walden Ridge Development, LLC, 292 B.R. 58,

64 (D.N.J. 2003).  In denying a motion to dismiss or convert a case where the Debtor had no

ongoing business and only a single asset that would be the subject of litigation, the Walden

Ridge court explained:

> The preservation of value is a permissible motive for filing Chapter
> 11 and the good faith requirement must be viewed in context with
> Congress' intent to promote reorganization.  Thus, the filing was
> an appropriate exercise of business judgment and protected the
> equity of [the debtor] in the Purchase Contract for the benefit of
> other creditors, as well as [the debtor]."

Id.  Likewise, the United States Supreme Court has recognized that preserving going concern value

is only one of several legitimate purposes for seeking relief under chapter 11.  "Chapter 11 also

embodies the general Code policy of maximizing the value of the bankruptcy estate."  Toibb v.

Radloff, 501 U.S. 157, 163 (1991) (holding that a debtor is eligible for chapter 11 relief even if it

does not maintain an ongoing business).

     Assuming that continuation of bankruptcy oversight and bankruptcy protection is

warranted, the Case should continue in chapter 11 because the debtor-in-possession is best able

to maximize the property available to satisfy creditors.  Indeed, the value of the estate is entirely

dependent upon either (a) the success of litigation against Playboy, or (b) a fair settlement with

Playboy.  It is not reasonably likely that a chapter 7 trustee will be able to fund litigation against

Playboy.  Further, without the ability to fund litigation, a chapter 7 trustee will not be in a position of strength to negotiate a fair settlement.

In summary, "cause" under section 1112(b)(1) does not exist.  The Debtor is current on its reporting obligations and is actively prosecuting the Case.  There is no evidence of a continuing loss to or diminution of the estate.  Further, the Debtor has a reasonable likelihood of rehabilitation pursuant to the prosecution of its claims against Playboy.  Finally, unusual circumstances are present such that conversion of this Case or appointment of a trustee would not be in the best interest of the bankruptcy estate or its creditors.

WHEREFORE, the Debtor respectfully prays that the Court (ii) will DENY the Motion to extent that it requests conversion and/or appointment of a trustee, and (ii) will grant such other and further relief as is just and proper.  As stated herein, the Debtor stipulates to dismissal and does not oppose the Motion to the extent it is limited to such limited relief.

DATED this 13th day of November, 2012.

PARSONS KINGHORN HARRIS

/s/ Matthew M. Boley
Matthew M. Boley
*Attorneys for* debtor-in-possession
PLAY BEVERAGES, LLC


EXHIBIT I

**The below described is SIGNED.**

**Dated: December 07, 2012** _____

**JOEL T. MARKER**
**U.S. Bankruptcy Judge**

_____

*Prepared and proposed by*

J. Thomas Beckett (5587)
**PARSONS BEHLE & LATIMER**
201 South Main Street. Suite 1800
Salt Lake City, UT 84145-0898
Telephone: (801) 532-1234
tbeckett@parsonsbehle.com

*Attorneys for the Petitioning Creditors*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**PLAY BEVERAGES, LLC**,<br><br>Debtor. | Bankruptcy No. 11-26046 JTM<br><br>Chapter 11<br><br>Honorable Joel T. Marker |

### ORDER DISMISSING CASE

This matter came before the Court on December 5 and 6, 2012 upon (i) the motion of

Warner Depuy, Lib-MP Beverage, LLC, George Denney, Liberty Beverages LLP and Rhino

Beverages, LLC (the "Petitioning Creditors") (dkt. #338) for an order re-converting this case,

and (ii) the motion of the United States Trustee (dkt # 343) for an order converting or dismissing

this case, under 11 U.S.C. § 1112(b) (collectively, the "Motions"). Matthew M. Boley and

Bryon J. Benevento appeared on behalf of the Debtor. Laurie A. Cayton appeared on behalf of

the United States Trustee. J. Thomas Beckett, Michael W. Young and Zack L. Winzeler

appeared on behalf of the Petitioning Creditors. Danny C. Kelly and Christopher N. Weiss

appeared on behalf of Playboy Enterprises International, Inc.  Russell C. Fericks appeared on

behalf of Cirtran Beverage Corp.

Evidence was presented.  Gil A. Miller and Iehab Hawatmeh testified.

After reviewing the Motions, the responses to the Motions filed by the Debtors and other

parties-in-interest and other matters of record, considering the Debtor's voluntary stipulation to

dismissal of the bankruptcy case, based upon the evidence received at the hearing on the

Motions, and the Court having announced its findings of fact and conclusions of law on the

record in open Court:

**IT IS HEREBY ORDERED** as follows:

1. The Motions are granted in part and denied in part, as described herein.

2.  The above-captioned case shall be, and hereby is, dismissed, effective immediately

upon entry of this Order.

3.  Pursuant to the Debtor's stipulation, the Debtor shall not file a petition for relief under

title 11 of the United States Code prior to the expiration of 180 days from the date of entry of this

Order.

4.  The automatic stay is terminated and no longer in effect immediately upon entry of

this order.

5.  All pending motions, applications, contested matters and other proceedings in the

above-captioned case are stricken as moot.

6.  Adversary Proceeding No. 12-2324 is dismissed without prejudice.

-------------------------------------------END OF DOCUMENT-----------------------------------------

EXHIBIT J

Case 2:12-cv-10590-SJO-E   Document 49   Filed 01/30/13   Page 1 of 5   Page ID #:1723

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | |
|---|---|---|
| Priority | | ____ |
| Send | | ____ |
| Enter | | ____ |
| Closed | | ____ |
| JS-5/JS-6 | | ____ |
| Scan Only | | ____ |

**CASE NO.:   CV 12-10590 SJO (Ex)**              **DATE:  January 30, 2013**

**TITLE:**       **Playboy Enterprises International, Inc. v. Play Beverages, LLC, et al.**

========================================================================
**PRESENT:  THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                    Not Present
Courtroom Clerk                                    Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**        **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                         Not Present

========================================================================
**PROCEEDINGS (in chambers):  ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**
[Docket No. 20];    **DENYING AS MOOT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** [Docket No. 4]

This matter is before the Court on Defendants Play Beverages, LLC ("Play Bev"), CirTran Beverage Corporation ("CBC"), and CirTran Corporation's (collectively, "Defendants") Motion to Dismiss Plaintiff's Complaint or in the Alternative to Stay Action ("Motion to Dismiss"), filed on December 27, 2012.   Plaintiff Playboy Enterprises International, LLC ("Plaintiff") filed an Opposition on January 7, 2013, to which Defendants filed a Reply on January 14, 2013.  The Court found this matter suitable for disposition without oral argument and vacated the hearing set for January 28, 2013.  *See* Fed. R. Civ. P. 78(b).

Also before the Court is Plaintiff's Motion for Preliminary Injunction ("Motion for Injunction") filed on December 11, 2012.  Defendants filed an Opposition on December 27, 2012, to which Plaintiff replied on December 31, 2012.[1]  The Court found this matter suitable for disposition without oral argument and vacated the hearing set for January 14, 2013.  *See* Fed. R. Civ. P. 78(b).  For the following reasons, Defendants' Motion to Dismiss is **GRANTED** and Plaintiff's Motion for Injunction is **DENIED** as **MOOT**.

I.      BACKGROUND

Plaintiff is a well-recognized company throughout the world that markets its brand through a wide range of media properties and licensing initiatives, including the publication of the *Playboy* magazine. (Compl. ¶ 1, ECF No. 1.)  Plaintiff's brand is most recognizable through its registered trademarks, PLAYBOY and the Rabbit Head Design (the "Marks").  Defendant Play Bev is a

---

[1]  Both Defendants' Reply to the Motion to Dismiss and Opposition to the Motion for Injunction exceed the page limits set forth in the Court's Standing Order.  (Standing Order ¶ 19.)  As such, the Court declines to read beyond the page limitation.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:**  <u>CV 12-10590 SJO (Ex)</u>          **DATE:**  <u>January 30, 2013</u>

limited liability company engaged in the business of manufacturing, selling, promoting, and distributing a non-alcoholic energy drink known as the Playboy Energy Drink.  (Mot. to Dismiss 1-2, ECF No. 20.)  Play Bev is a "company organized and existing under the laws of the State of Delaware, with its principal place of business in West Valley City, Utah."  (Compl. ¶ 7.)

In 2006, Plaintiff and Play Bev entered into a license agreement wherein Play Bev was granted a limited right to manufacture and sell Playboy-branded energy drinks (the "License Agreement"). (Compl. ¶ 20.)  The License Agreement was set to expire on March 31, 2012 (Decl. of Bryon J. Benevento in Supp. of Defs.' Mot. to Dismiss ("Benevento Dismiss Decl.") Ex. F ("License") ¶ S.9, ECF No. 21), and contained a renewal term of five years, provided that certain conditions were met (License ¶ 1.b.(ii)).  Defendants CBC and CirTran Corporation were granted manufacturing and distribution rights under the License Agreement.[2]  (Compl. ¶ 27; Mot. to Dismiss 2.)

Prior to the expiration of the License Agreement, on April 26, 2011, several of Play Bev's creditors commenced a chapter 7 bankruptcy proceeding against Play Bev as an involuntary debtor. (Compl. ¶ 21; Pl.'s Req. for Judicial Notice in Supp. of Mot. for Inj. ("Inj. RJN") Ex. A, ECF No. 6.) [3] On August 12, 2011, Play Bev's chapter 7 case was converted to a voluntary bankruptcy case under chapter 11.  (Inj. RJN Ex. B.)  Plaintiff and Play Bev entered into negotiations for a potential new license agreement, and agreed to extend the then existing License Agreement to July 31, 2012, while negotiations were still pending.  (Inj. RJN Exs. C, D.)  By July 31, 2012, a new license agreement had yet to be finalized, so the parties entered into a second extension agreement:

> Subject to the Renewal Term in Paragraph 1.b(ii) and the termination provisions set forth in the Agreement, the "Expiration Date" shall be September 30, 2012; *provided, however,* that if an order confirming Licensee's chapter 11 plan of reorganization . . . is entered on or before September 30,2012, then the "Expiration Date" shall be the earlier of (a) the last day preceding the Commencement Date (as defined in the new License Agreement []), or (b) October 20, 2012.

(Inj. RJN Ex. E ¶ 14.)

The second extension agreement refers to a new license agreement between Plaintiff and PB Energy Corporation, a newly formed Utah corporation that was anticipated to be the reorganized debtor under Play Bev's chapter 11 plan of reorganization.  (Inj. RJN Ex. E, Second Extension Agreement Recitals.)  A new license agreement was signed by Plaintiff and Iehab J. Hawatmeh

---

[2]  The parties disagree as to whether Defendant CirTran Corporation has been properly named as a defendant in this case.  However, this issue is not before the Court at this time.

[3]  The Court takes judicial notice of Exhibits A through H (all documents filed in connection with Play Bev's bankruptcy proceeding) of Plaintiff's Injunction RJN because they satisfy the requirements of Federal Rule of Evidence 201.

Case 2:12-cv-10590-SJO-E   Document 49   Filed 01/30/13   Page 3 of 5   Page ID #:1725

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** <u>CV 12-10590 SJO (Ex)</u>          **DATE:** <u>January 30, 2013</u>

as President and CEO of PB Energy Corporation on August 9, 2012.  (Decl. of Christine Coffelt in Supp. of Inj. Reply ("Coffelt Decl.") Ex. A.)

Thereafter, Play Bev did not obtain confirmation of its chapter 11 plan of reorganization because, *inter alia*, Play Bev had not received funds from a new investor, which were needed to capitalize the reorganized debtor's business.  (Inj. RJN Ex. G.)  The reorganization plan was never confirmed, and Play Bev could not meet the conditions precedent to the new license agreement.

On October 25, 2012, Play Bev and CBC filed a lawsuit against Plaintiff and others in Illinois state court.  (Mot. to Dismiss 4.)  In their First Amended Complaint, Play Bev and CBC allege, *inter alia*, that Plaintiff had a good faith obligation to renew the License Agreement but failed to do so, tortious interference with contract, and breach of contract.  (*See generally* Benevento Dismiss Decl. Ex. A.)

On December 11, 2012, Plaintiff filed the instant action in the Central District of California, alleging trademark infringement, false advertising, and violation of the Anti-Cybersquatting Consumer Protection Act.  (*See generally* Compl.)  The same day, Plaintiff filed for injunctive relief (Mot. for Inj., ECF No. 4), and shortly thereafter, Defendants moved to dismiss Plaintiff's Complaint.

II.      <u>DISCUSSION</u>

         A.      <u>Defendants' Motion to Dismiss</u>

In their Motion to Dismiss, Defendants argue that Plaintiff's Complaint should be dismissed pursuant to either the first-to-file rule or Federal Rule of Civil Procedure 12(b)(3) for improper venue.  (*See generally* Mot. to Dismiss.)  In the alternative, Defendants request that the instant case be stayed pending resolution of the Illinois state case.  (Mot. to Dismiss 10.)

                 1.      <u>Improper Venue</u>

Defendants' argument regarding improper venue is based on a forum selection clause located in the License Agreement.  The parties do not contest the validity of the forum selection clause, but disagree as to its meaning.  The forum selection clause in the Licensee Agreement states:

> The parties hereto agree that any and all disputes arising out of or relating in any way to this Agreement shall be litigated only in courts sitting in Cook County, Illinois. Licensor shall have the option, however, to instead file lawsuit at licensee's domicile which will then be litigated in the courts competent for that domicile.

(License Agreement ¶ 13.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** <u>CV 12-10590 SJO (Ex)</u>     **DATE:** <u>January 30, 2013</u>

Plaintiff argues that Play Bev is "domiciled" in California because, as a limited liability company ("LLC"), it "is a citizen of every state of which its owners/members are citizens" (Opp'n to Mot. to Dismiss 15 (internal quotation marks and citation omitted)), and one of Play Bev's members, Fadi Nora, is domiciled in California (Opp'n to Mot. to Dismiss 14). Defendants do not refute that Fadi Nora is a member of Play Bev and is domiciled in California. (*See generally* Reply to Mot. to Dismiss.) Instead, Defendants maintain that the rule for determining an LLC's citizenship for diversity jurisdiction purposes does not apply to the determination of an LLC's domicile for venue purposes. (Reply to Mot. to Dismiss 2.) The Court agrees.

Federal law applies to the interpretation of a forum selection clause. *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). When interpreting a contract under federal law, the courts are guided by the general principles for interpreting contracts. *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. Cal. 2009) (citing *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999).

"Contract terms are to be given their ordinary meaning, and when the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself. Whenever possible, the plain language of the contract should be considered first." *Id.* (internal citation omitted). "A primary rule of interpretation is that the common or normal meaning of language will be given to the words of a contract unless circumstances show that in a particular case a special meaning should be attached to it." *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. Cal. 1987) (internal quotation marks and citation omitted).

Domicile is defined as "[t]he residence of a person or corporation for legal purposes." Black's Law Dictionary (9th ed. 2009). Residence is defined as "[t]he place where a corporation or other enterprise does business or is registered to do business." *Id.* Given the ordinary meaning of the term "domicile," the License Agreement provides Plaintiff the option to file a lawsuit at Play Bev's residence, or principal place of business, which is Utah. The License Agreement does not attach special meaning to the word "domicile," and the parties do not suggest that any special meaning applies here. Thus, pursuant to the License Agreement, venue is proper in either Illinois or Utah—not California.

The Court finds that this interpretation of the forum selection clause comports with case law. In *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834 (9th Cir. 1986), the Ninth Circuit held that "[r]esidence for purpose of venue can be the residence of the partnership entity rather than exclusively that of its individual members." *Decker Coal Co.*, 805 F.2d at 842 (citing *Denver & Rio Grande W. R.R. v. Bhd. of R.R. Trainmen*, 387 U.S. 556, 559-60 (1967)). For purposes of diversity jurisdiction, LLC's are treated like partnerships, taking on the citizenship of every state of which its members are citizens. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). However, for venue purposes, partnerships are treated like corporations due to their business nature, rendering "[t]he domicile or residence of the individuals who make up the partnership . . . irrelevant." *FSI Grp. v. First Fed. Sav. & Loan Ass'n*, 502 F. Supp. 356, 357

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:  CV 12-10590 SJO (Ex)**          **DATE:  January 30, 2013**


(S.D.N.Y. 1980); *see also Decker Coal Co.*, 805 F.2d at 842 ("Courts have analogized partnerships and associations to corporations in making venue determinations." (citing *Denver & Rio Grande W. R.R.*, 387 U.S. at 562)).

As an LLC, Play Bev shares characteristics of both a corporation and a partnership.  *See Johnson*, 437 F.3d at 899.  But whether a corporation or partnership, it is Play Bev's principal place of business that determines the proper venue.  *See McMahan & Co. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 727 F. Supp. 833, 834 (S.D.N.Y. 1989) ("A corporation's principal place of business, rather than its state of incorporation, determines its residence.").

Accordingly, Defendants' Motion to Dismiss for improper venue is **GRANTED**.

> 2.   Remaining Arguments

Because venue is improper, the Court need not address Defendants' argument regarding the first-to-file rule or that the case be stayed.

III.   RULING

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss for improper venue without prejudice to allow Plaintiff to pursue its claims against Defendants in a proper forum. Plaintiff's Motion for Injunction is **DENIED AS MOOT**.

IT IS SO ORDERED.